**Richmond**

## NEVA J. BOSWORTH

v.

## 7-UP DISTRIBUTING CO. OF FREDERICKSBURG, INC., et al.

No. 0464-86-2

Decided April 21, 1987

COUNSEL

Charles D. Bennett, Jr. (Michael C. Mayo; Mayo & Mayo, on brief), for appellant.

Charles F. Midkiff (Christian, Barton, Epps, Brent & Chappell, on brief), for appellees.

OPINION

**BENTON, J.** — The appellant, Neva J. Bosworth, contends that the commission erred in excluding from its computation of her deceased husband's average weekly wage the amount of a weekly automobile allowance paid to him by his employer, 7-UP Distributing Company of Fredericksburg, Inc. We conclude that the commission did not err and affirm the award.

The stipulated facts before the commission were brief. Robert Bosworth was killed in an automobile collision arising out of and in the course of his employment as a traveling salesman for 7-UP.

Bosworth used his own automobile for his employment-related travel. In return, 7-UP paid to him an automobile allowance of $75 per week to cover the costs of depreciation, tires, oil, gas, insurance and other expenses associated with the operation of his automobile in his employment.

The deputy commissioner held that since the automobile allowance provided no financial gain to Bosworth but was rather in the nature of reimbursement for out-of-pocket work-related expenses, "the [automobile] allowance cannot be included as wages for the purpose of calculating average weekly wage." The commission agreed and affirmed the deputy commissioner's award.

■ Code § 65.1-6 provides, in pertinent part, that "[w]henever allowances of any character made to an employee *in lieu of wages* are a specified part of the wage contract, they shall be deemed a part of his earnings." (emphasis added). Thus, an allowance paid to an employee must be included in the average weekly wage calculation if the allowance meets two conditions: first, the allowance must be specifically provided for in the contract of employment, and, second, the allowance must be of such character as to indicate that it is paid "in lieu of wages." We do not discuss the first of these requirements because the second is dispositive of this appeal.

■ The reason for calculating the average weekly wage is to approximate the *economic loss* suffered by an employee or his beneficiaries when there is a loss of earning capacity because of work-related injury or death. *See* Code § 65.1-6; *Layne Atlantic Co. v. Scott*, 415 So. 2d 837, 838 (Fla. Dist. Ct. App. 1982). *See generally John Driggs Co. v. Somers*, 228 Va. 729, 324 S.E.2d 694 (1985). Furthermore, "[i]n computing actual earnings as the beginning point of wage-basis calculations, there should be included not only wages and salary but any thing of value received as consideration for the work . . . constituting real economic gain to the employee." 2 A. Larson, Workmen's Compensation Law § 60.12(a)(1986).

■ In determining whether the allowance paid to Bosworth was in lieu of wages, the pertinent question is whether the allowance represented a payment made in consideration for work and constituted an economic gain to him. *See generally Moorehead v. Industrial Commission*, 17 Ariz. App. 96, 495 P.2d 866, 869

(1972); *P&L Construction Co. v. Lankford*, 559 S.W.2d 793, 795 (Tenn. 1978). We conclude that it did not.

■ Not every payment made to an employee is made "in lieu of wages."

> As a general rule . . . amounts paid an employee as reimbursements for expenditures which he is called upon to make in the course of his employment, in activities which he has no occasion to pursue when not employed, are not part of his earnings for the purpose of fixing workmen's compensation.

82 Am. Jur. 2d *Workmen's Compensation* § 371 (1976); *see also Moorehead v. Industrial Commission*, 495 P.2d at 869. Bosworth's automobile expenses, which were incurred solely to meet the travel obligations of his employment, fall within the category of expenditures for an activity that he would not have pursued except for his employment. To the extent that Bosworth's automobile expenses equalled or exceeded the amount of the automobile allowance, the allowance did not represent an economic gain to him and cannot be included in the average weekly wage calculation. *See* 2 A. Larson, *supra* at § 60.12(a). If 7-Up had ceased paying the allowance because Bosworth no longer incurred those expenses, Bosworth would not have suffered any economic loss. *See Moorehead v. Industrial Commission*, 495 P.2d at 869.

Moreover, the commission had before it no evidence indicating that the expenses actually incurred by Bosworth in the business operation of his automobile were less than the amount of the allowance. The evidence was precisely to the contrary. The stipulation of the parties incorporated the following statement:

> The car allowance was not designed so the salesman could make money, almost in every case the $75.00 would not be enough money to take care the gas and oil.

> Also you must remember there is the maintance [sic] and the depreciation along with the gas and oil which means that most of the time it will result in a complete wipeout.

Furthermore, it was not shown that Bosworth derived personal benefit from the allowance paid him by the employer. *Cf. Layne Atlantic Co.*, 559 So. 2d at 839.

The record contains credible evidence to support the commission's finding that the allowance paid to Bosworth was in the nature of a reimbursement for business-related expenses and did not represent an economic gain to him. The payment was, therefore, not an allowance in lieu of wages and its exclusion from the average weekly wage calculation was proper.

The appellant also argues that the commission's decision which we now affirm is inconsistent with the commission's holding in *Church v. Motor Freight Corp.*, 18 O.I.C. 3 (1936). We disagree. In *Church* the employee, a truck driver, was paid four cents per mile traveled. Of that amount, the employer allocated three cents to wages and one cent to the employee's expenses. The commission held that the average weekly wage should have been calculated using the entire four cents per mile. In *Church*, however, the commission was called upon to assess the nature of "[t]he allowance of an *expense account* based upon miles traveled." 18 O.I.C. at 4 (emphasis added). The decision contains no suggestion that the employee was reimbursed for using his personal vehicle, and its holding, approving the inclusion of an allowance for the meals and general personal needs of the truck driver, is of little relevance here where the allowance was paid for automobile expenses which were stipulated to equal or exceed the amount reimbursed. *See also Harless v. Rutherford Freight Lines, Inc.*, 22 O.I.C. 119 (1940) (allowance for meals and incidental expenses of a truck driver are includable in computing average weekly wage).

For the reasons set forth in this opinion, the order of the Industrial Commission is affirmed.

*Affirmed.*

Baker, J., and Keenan, J., concurred.