**Richmond**

JESSEE C. ROSE

v.

RED'S HITCH & TRAILER SERVICES, INC.

and

UNITED STATES FIDELITY AND GUARANTY COMPANY

No. 1535-89-2

Decided September 11, 1990

56

COUNSEL

David L. Pillsbury, for appellant.

S. Vernon Priddy, III (Mary Louise Kramer; Sands, Anderson, Marks & Miller, on brief), for appellees.

---

OPINION

**WILLIS, J.**—In this appeal from a judgment of the Industrial Commission denying him benefits, Jesse C. Rose contends that the commission erred (1) in holding that Code § 65.1-87.1 did not operate to prevent the dismissal of his claim under Code § 65.1-87, (2) in holding that he had not proved conduct on the part of his employer's agents which would estop the employer from interposing the defense of Code .§ 65.1-87, (3) in holding that the wages paid him after his injury should not be considered compensation under the provisions of Code § 65.1-55.1, and (4) in hold-

ing that the aggravation of his injury, which resulted in his ceasing work July 5, 1988, did not constitute a new injury by accident. We find no error and affirm the judgment of the Industrial Commission.

On October 10, 1985, while employed by Red's Hitch & Trailer Services, Inc. (the employer), Rose was thrown from a tractor and sustained back injuries. After missing several days from work, he returned to light duty, but was paid his regular wages. His complaints continued and he remained under a doctor's care. From May 7 through May 14, 1987 he was hospitalized by Dr. Velo, but then returned to light duty at his full regular wage. He ceased work July 5, 1988. He was again hospitalized from July 25 to August 19, 1988. Until he stopped work, he was paid his full regular wage.

United States Fidelity & Guaranty Company (USF&G), the employer's insurance carrier, treated the case as "medicals only," paying medical bills but no compensation, because Rose was still drawing his regular wages. By letter dated August 19, 1988, USF&G denied coverage and refused to pay for Rose's last hospitalization.

On June 18, 1987, Ann Townsend, an adjuster for USF&G who had taken over the case, discussed compensation benefits with Rose. Rose testified, "I asked her how long that I had before the time would expire and she told me that I had two years from the time I had had the last medical treatment." When asked what he thought her statement meant he said, "Well, I thought I had two years from the time I saw Dr. Velo and he told me to go back and try to work." He said that he knew nothing of the Industrial Commission. Ms. Townsend testified that she recalled the conversation, but could not recall specifically what was said. In June, 1988, Rose talked with Dave Jonske, who had taken over the case for USF&G. Rose testified, "I said, Ms. Townsend told me that I had two years from the time I saw the doctor last and he said, 'That's right.'"

Rose filed his original application for hearing on November 7, 1988, alleging a back injury from an accident occurring October 10, 1985 and claiming disability for "part of summer '87 and since July 5, 1988."

■ Code § 65.1-87 provides: "The right to compensation under this Act shall be forever barred, unless a claim be filed with the Industrial Commission within two years after the accident."

Rose's application was filed more than two years after the accident. Code § 65.1-87 imposes a "special" limitation which is a component of the right, not merely a bar to the remedy. Thus, on October 10, 1987, no claim having been filed, Rose's rights under the Act ceased to exist. *See Barksdale v. H.O. Engen, Inc.*, 218 Va. 496, 237 S.E.2d 794 (1977).

Rose contends that the application of Code § 65.1-87 with respect to his claim was tolled by operation of Code § 65.1-87.1 which, at the time relevant to this case, provided:

In any case where an employer has received notice of an accident resulting in compensable injury to an employee as required by § 65.1-85, and whether or not an award has been entered, such employer nevertheless has paid compensation to such employee during incapacity for work as defined in § 65.1-54 or § 65.1-55, resulting from such injury, and such conduct of the employer has operated to prejudice the rights of such employee with respect to the filing of a claim prior to expiration of a statute of limitations otherwise applicable, such statute shall be tolled for the duration of such payment. For purposes of this section, such rights of an employee shall be deemed not prejudiced if his employer has filed the first report of accident as required by § 65.1-124 or he has received after the accident a workers' compensation guide described in § 65.1-22 or a notice in substantially the following form: . . . .[notice described].

The employer did not file the first report of accident required by Code § 65.1-124. Rose received neither a workers' compensation guide nor the notice described in Code § 65.1-87.1.

In determining the applicability of Code § 65.1-87.1, we must consider whether the employer paid Rose "compensation" for any period prior to October 10, 1987. We conclude that it did not. Rose was maintained at his employment and was paid his wages.

■ Rose argues that the wages which the employer paid him prior to October 10, 1987 should be considered compensation. He cites Code § 65.1-55.1 which provides in pertinent part: "All

wages paid . . .to an employee (i) who is physically unable to return to his pre-injury work due to a compensable injury . . .shall, for the sole purposes of § 65.1-99, be considered compensation." Rose's argument fails by the very language of the statute he cites. Code § 65.1-55.1 applies only to proceedings under Code § 65.1-99, relating to changes in condition. It has no application to the jurisdictional time bar imposed by Code § 65.1-87 for the filing of an original application.

Effective July 1, 1989, Code § 65.1-87.1 was amended to extend its coverage to cases in which the employer has paid "compensation or wages" to the employee. That change, being effective after October 10, 1987, has no bearing on this case. The bar of § 65.1-87 forecloses the right of action. Having fallen on October 10, 1987, the bar could not be raised by a subsequent tolling provision. *See Barksdale*, 218 Va. at 496, 237 S.E.2d at 794.

Rose next contends that because of its conduct with respect to his claim, the employer should be estopped from invoking Code § 65.1-87.

■ The voluntary continuation of an injured employee's wages and payment of his medical expenses does not estop the employer from claiming the benefit of Code § 65.1-87. *Clark v. United Airlines*, 223 Va. 197, 200, 288 S.E.2d 441, 442-43 (1982); *Stuart Circle Hosp. v. Alderson*, 223 Va. 205, 208-09, 288 S.E.2d 445, 447 (1982).

Rose argues that the employer's agents, Ann Townsend and Dave Johnske, misled him into believing that he was under no time constraint in filing for benefits. By the time Rose talked to Johnske, the statute of limitations had already run. His failure to file his application on time cannot be attributed to any representation by Johnske. The commission accepted Rose's statement that he was advised by Townsend that he had two years from the date of his last medical treatment to file for benefits under the Act. However, the commission found that this misrepresentation did not support an estoppel in this case.

■ Estoppel requires that the party claiming it must have relied to his detriment upon the act or statement alleged as the basis for the estoppel. Where a party seeks to invoke the doctrine of estoppel, he has the burden of proving it by clear, precise and unequiv-

ocal evidence. *Brown v. Lawson Transp. Corp.*, 7 Va. App. 679, 681, 377 S.E.2d 136, 137 (1989).

■ The commission found as follows:

The evidence does not directly answer the question as to whether Rose was misled. It is clear, however, from Rose's testimony that, except for the one week of time lost from work, he had no additional wage loss until July, 1988 . . .We cannot find from this record that Rose was induced by [Townsend's] statements to refrain from timely filing . . .There is no evidence . . .that a filing delay was prompted by the statements of the adjuster.

It lies within the commission's authority to determine the facts and the weight of the evidence, and its findings in that regard, when supported by credible evidence, will not be disturbed on appeal. *See* Code § 65.1-98; *Caskey v. Dan River Mills, Inc.*, 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983).

Finally, Rose argues that the condition which required the termination of his employment effective July 5, 1988 constituted a new injury, and that his November 7, 1989 application was therefore timely. This argument fails for two reasons. First, the application for benefits recited injury and disability deriving from the October 10, 1985 accident and alleged no other cause. Second, Rose presented no evidence before the commission describing a discrete traumatic event in July, 1988, to which his disability could be attributed. *See Morris v. Morris*, 238 Va. 578, 385 S.E.2d 858 (1989).

For the foregoing reasons, the judgment of the Industrial Commission is affirmed.

*Affirmed.*

Coleman, J., and Cole, J., concurred.