**Alexandria**

DOMINION ASSOCIATES GROUP, INC. AND

TRANSPORTATION INSURANCE COMPANY

v.

CHARLES QUEEN

No. 0118-93-4

Decided February 22, 1994

COUNSEL

Kelly A. Saunders (Carr, Goodson & Lee, P.C., on brief), for appellants.

Peter J. Jones, for appellee.

OPINION

**BENTON, J.**—The sole issue in this appeal is whether the Workers' Compensation Commission erred in fixing at $1000 Charles Queen's

average weekly wage. Because credible evidence in the record supports the commission's finding, we affirm the award.

I.

Queen was a painter and carpenter. He testified that he was hired by Dominion to work on a specific project and began work on October 19, 1989. Two weeks later, he fractured his leg when he fell from a roof while painting. The parties stipulated that Queen's injury was a compensable injury by accident.

Queen testified that at the time of his injury he was earning twenty-five dollars per hour and that he normally worked forty hours or six days per week. In support of his claim, Queen introduced into evidence a billing statement containing an entry showing $1430 for his labor from October 19 to October 27, 1989. Queen also introduced a letter from Dominion's project coordinator which reported Queen's hourly wage at twenty-five dollars per hour.

Queen testified that he was hired by Dominion earlier in 1989 to work on other projects. He testified that in 1989 he had performed work for Dominion both as an employee for limited periods of time and as a "contracts laborer." Prior to October 19, 1989, he worked for Dominion "probably two weeks" as an hourly employee. At all other times he was paid a contracted amount of money to perform a specific project.

Dominion introduced two IRS 1099 Forms which established that in 1989 Queen earned a total of $21,128.31 while working on several specific projects for Dominion and a Dominion affiliate. Queen testified that those payments were made by Dominion for various projects he performed at different times during 1989. Queen also testified that during 1989 he worked for other employers in addition to Dominion.

The deputy commissioner divided $21,128.31 by 306 (the number of days in 1989 before Queen's injury) and arrived at a weekly wage of $483.56. On review, the commission found that the payments shown on the IRS 1099 Form included money Queen earned as an independent contractor and that money he earned as an independent contractor was irrelevant to computing his weekly wage as an employee. The commission further found that the only evidence of Queen's weekly wage as an employee was his testimony and the documents. That evidence proved he earned twenty-five dollars per hour and worked forty hours per week from October 19 to October 27, 1989.

Finding that evidence to be credible, the commission determined that Queen's average weekly wage was $1000 and modified the award.

## II.

The commission is guided by statute in determining average weekly wage. In relevant part, the applicable statute states as follows:

"Average weekly wage" means:

A. 1. The earnings of the injured employee in the employment. in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two; but if the injured employee lost more than seven consecutive calendar days during such period, although not in the same week, then the earnings for the remainder of the fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. When the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided that results fair and just to both parties will be thereby obtained. When, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.

2. When for exceptional reasons the foregoing would be unfair either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

Code § 65.2-101.

The evidence proved that Queen's employment with Dominion was sporadic during the year. He worked for Dominion when Dominion needed his services, and he worked for other employers. The commission found that in 1989 Queen received income from

Dominion both as an employee and as an independent contractor. That finding was based upon Queen's testimony. The commission found that testimony to be uncontradicted and credible. "It lies within the commission's authority to determine the facts and the weight of the evidence, and its findings in that regard, when supported by credible evidence, will not be disturbed on appeal." *Rose v. Red's Hitch & Trailer Servs., Inc.*, 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

The evidence also proved that Queen worked for Dominion as an employee only a few weeks in 1989. Thus, the commission did not err in concluding that because of "the casual nature or terms of his employment," Code § 65.2-101, simply dividing Queen's 1989 income from Dominion by the number of days in 1989 preceding his injury was inadequate to determine a weekly wage. Moreover, no evidence in the record provided a basis upon which the commission could have determined the "average weekly amount . . . being earned by a person of the same grade and character employed in the same class of employment in the same locality or community." Code § 65.2-101.

The commission properly resorted to "such other method of computing average weekly wages . . . most nearly approximat[ing] the amount which the injured employee would be earning were it not for the injury." Code § 65.2-101(A)(2). The parties stipulated that from October 19 to November 2, 1989, Queen was employed by Dominion. Uncontradicted and credible evidence also proved that from October 19 to November 2, 1989 Queen earned twenty-five dollars per hour and worked forty hours per week. Therefore, we hold that the commission did not err in using the proved hourly rate to determine the statutory definition of "average weekly wage." Because credible evidence in the record supports the commission's findings, we affirm the award.

*Affirmed.*

Fitzpatrick, J., and Duff, S.J.,* concurred.

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code § 17-116.01:1.