COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

GEORGE M. SMITH, III

v.   Record No. 2442-94-1                    MEMORANDUM OPINION[*]
                                                PER CURIAM
TREND FORM, INC.                             JUNE 13, 1995
AND
NATIONWIDE MUTUAL INSURANCE COMPANY

                          FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Ann K. Sullivan; Crenshaw, Ware & Martin, on brief),
          for appellant.

          (Ralph E. Lawrence, on brief), for appellees.


     George M. Smith, III, contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that (1) the cerebral hemorrhage that he suffered on September 3,

1993 was caused by his work activities on that date; and (2) he

sustained an injury by accident arising out of and in the course

of his employment on September 3, 1993.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "The

actual determination of causation is a factual finding that will

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). Unless we can say as a matter of law that Smith's evidence sustained his burden of proving causation, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that Smith failed to prove that his September 3, 1993 cerebral hemorrhage was caused by his work activities on that date, the commission held that:

> We are not persuaded by the conclusion of Dr. Magness attributing the September 3, 1993 hemorrhage to work activities on that day. The medical evidence clearly establishes that the hemorrhage might have been caused by emotional problems as well as physical activities, and might even have developed spontaneously. Even in March 1994, the physician was not clear regarding the physical activities of [Smith] on that day, and even those were received from individuals who had not witnessed the events, and we cannot find that his causal attribution to the work is well reasoned or reliable.
>
> Moreover, the claimant's uncorroborated testimony does not persuade us that he performed the vigorous activities that he described at the hearing or that the onset of symptoms resulted within 20 minutes thereof. Accordingly, since such facts are not established in this case, Dr. Magness' opinion finding a causal link relying on those facts is flawed and is given little weight.

The commission, in its role as fact finder, was entitled to determine what weight, if any, was to be given to Dr. Magness' opinion. "It lies within the commission's authority to determine

2

the facts and the weight of the evidence . . . ." <u>Rose v. Red's Hitch & Trailer Servs., Inc.</u>, 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

Dr. Magness, in his November 12, 1993 and February 4, 1994 opinions, stated that Smith suffered a work-related injury on September 3, 1993. Those opinions were based upon information concerning Smith's work activities that was provided to Dr. Magness by Smith's mother and Smith's attorney, neither of whom witnessed the work activity. Dr. Magness referred to Smith's September 3, 1993 work activity as involving "severe exertion" or "vigorous activity." He also believed that it may have involved heavy lifting. However, it was readily apparent from Dr. Magness' testimony that he was not aware of the details of what occurred on September 3, 1993. In addition, Smith's version of the events of September 3, 1993 conflicted with the testimony of his co-workers and his supervisor. Smith's supervisor testified that Smith did not perform any strenuous physical activity or heavy lifting on September 3, 1993. Based upon these conflicts in the witnesses' testimony, the commission was entitled to discount Smith's testimony concerning the events of September 3, 1993. Therefore, it did not err in finding that Dr. Magness' opinion was flawed because it was based on facts not established by the evidence. Finally, in his March 25, 1994 deposition testimony, Dr. Magness admitted that the cerebral hemorrhage on September 3, 1993 could have resulted from a number of

precipitating causes, including physical or emotional stress, as a spontaneous hemorrhage, or merely because "as time . . . passed the walls of the arteriovenous malformation [had] been weakened possibly by his radiation treatment."

Based upon these inconsistencies in the evidence, the commission was entitled to reject Dr. Magness' opinions concerning causation.  Accordingly, we cannot find as a matter of law that Smith met his burden of proving a causal link between his September 3, 1993 work activities and his cerebral hemorrhage.

Since our holding on this issue disposes of this appeal, we will not address the injury by accident issue.  For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>