COURT OF APPEALS OF VIRGINIA

Present:  Judges Bray, Annunziata and Overton

JOYCE SCHAAR GOOD

v.    Record No. 1120-95-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
AMERICAN SAFETY RAZOR COMPANY                 NOVEMBER 14, 1995
AND
EMPLOYERS INSURANCE OF WAUSAU

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Robert B. Armstrong, on brief), for appellant.

                (Matthew W. Broughton; Monica L. Taylor; Gentry,
                Locke, Rakes & Moore, on brief), for appellees.


        Joyce S. Good ("claimant") contends that the Workers'

Compensation Commission erred in finding that American Safety

Razor Co. ("employer") proved that Good was able to return to her

pre-injury work as of October 12, 1993.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

        On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "[I]t

is fundamental that a finding of fact made by the Commission is

conclusive and binding upon this court on review.  A question

raised by conflicting medical opinion is a question of fact."

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Commonwealth v. Powell, 2 Va. App. 712, 714, 347 S.E.2d 532, 533 (1986). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

The commission accepted the opinion of the treating physician, Dr. David S. Klein, that claimant was able to perform her pre-injury work without restriction as of October 12, 1993. Dr. Klein's opinion was based upon his continuous treatment of claimant, her normal physical examinations, and his approval of the job description submitted by employer. Dr. Teresa M. Harmon, a licensed clinical psychologist, agreed with Dr. Klein's opinion that claimant should return to work. The opinions of Drs. Klein and Harmon constitute credible evidence to support the commission's decision.

In its role as fact finder, the commission was entitled to give little weight to the medical reports of Dr. James Walker, a chiropractor, and to reject the opinion of Dr. Donald P.K. Chan, an orthopedic surgeon. Dr. Walker refused to comment on claimant's ability to return to work in November 1993 because he was not familiar with her job description. Dr. Chan, who examined the claimant on one occasion and found disability based on claimant's subjective complaints, deferred to Dr. Klein's judgment as to claimant's ability to work. "It lies within the commission's authority to determine the facts and the weight of

2

the evidence, and its findings in that regard, when supported by credible evidence, will not be disturbed on appeal." Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

For these reasons, we affirm the commission's decision.

Affirmed.