COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia

THE UNINSURED EMPLOYER'S FUND

v.          Record No. 0709-95-1          MEMORANDUM OPINION[*] BY
                                          JUDGE RICHARD S. BRAY
CLARA ANNETTE THRUSH, et al.                  JANUARY 11, 1996

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Julia D. Tye, Assistant Attorney General (James S.
        Gilmore, III, Attorney General; John J. Beall, Jr.,
        Senior Assistant Attorney General, on brief), for
        appellant.

        Robert J. Macbeth, Jr. (Rutter & Montagna, on
        brief), for appellees.

    The Uninsured Employer's Fund (Fund) appeals the amount of
compensation awarded to the survivors (claimants) of deceased
employee, Brian Lee Thrush, by the Workers' Compensation Commission
(commission). The Fund contends that the commission erroneously
calculated Thrush's average weekly wage. We agree and reverse the
award.

    The parties are fully conversant with the record, and we
recite only those facts necessary to a disposition of this appeal.

    Brian Thrush, a "pipe layer by trade," was employed as a
painter by Reichert Painting Company to work for seven hours on a
single day, at a wage of $6 per hour. He was electrocuted in the
course of such employment, survived by claimants, his wife and
minor daughter. Acting on claimants' application for death
benefits, the commission calculated an award based upon an average

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not designated
for publication.

weekly wage of $294, using the equation, "$6 per hour x 7 = $42 per day x 7."

To compute an employee's "average weekly wage," the commission must divide "[t]he earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, . . . by fifty-two." Code § 65.2-101(1)(a). If application of this formula is rendered "impractical" by the brevity or "casual nature" of such employment, "regard shall be had to the average weekly amount" earned during the "fifty-two weeks previous to the injury . . . by a person of the same grade and character employed in the same class of employment in the same locality or community." Id. "When for exceptional reasons the foregoing would be unfair either to the employer or employee," an alternate "method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury." Code § 65.2-101(1)(b).

"The reason for calculating the average weekly wage is to approximate the economic loss suffered by an employee or his beneficiaries . . . ." Bosworth v. 7-Up Distributing Co., 4 Va. App. 161, 163, 355 S.E.2d 339, 340 (1987).

> It [is] the duty of the Commission to make the best possible estimate of future impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage that [the employee] was able to earn. This is a question of fact . . . which, if based on credible evidence, will not be disturbed on appeal.

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986); see Chesapeake Bay Seafood House v. Clements, 14 Va. App. 143, 146, 415 S.E.2d 864, 866 (1992) (citation omitted).

Here, the record reflects an employment relationship intended to exist for only a single day and is silent with respect to wages of similarly situated employees during the fifty-two weeks prior to Thrush's injury.  See Code § 65.2-101(1)(a); John Driggs Co. v. Somers, 228 Va. 729, 733, 324 S.E.2d 694, 696 (1985).  The commission, therefore, "resort[ed]" to an alternative "method" in ascertaining Thrush's average weekly wage, which included in the disputed formulation a projected work week of forty-nine hours. Code § 65.2-101(1)(b); Dominion Associates Group, Inc. v. Queen, 17 Va. App. 764, 767, 441 S.E.2d 45, 47 (1994).

However, the components of the commission's equation must be supported by the evidence.  The commission has previously taken "judicial notice" that a forty-hour work week was "normal" in the construction trades and nothing in this record indicated otherwise.  Maywalt v. Virginia Const. Co., 63 O.I.C. 229, 230 (1984). Nevertheless, a work week of forty-nine hours was inexplicably adopted by the commission, resulting in a purely conjectural calculation of Thrush's average weekly wage.

Accordingly, we reverse the award and remand the proceedings to the commission for redetermination of the award in accordance with an average weekly wage based upon a forty-hour work week at $6

per hour.

                                        <u>Reversed and remanded.</u>