COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


MEREDITH CONSTRUCTION COMPANY, INC.
  and AMERICAN CASUALTY COMPANY
                                        OPINION BY
v.  Record No. 0135-95-3        JUDGE JAMES W. BENTON, JR.
                                       JANUARY 23, 1996
JOHN ALAN HOLCOMBE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Gregory T. Casker (Daniel, Vaughan, Medley &
            Smitherman, on brief), for appellants.

            Stephen G. Bass (Carter, Craig, Bass,
            Blair & Kushner, on brief), for appellee.

     The issue presented in this appeal is whether the Workers'

Compensation Commission erred in calculating John Holcombe's

average weekly wage.  Meredith Construction Company, Inc.,

contends that the calculation should not have been based upon the

net taxable income, including depreciation, reported by

Holcombe's business.  We disagree and affirm the award.

                                 I.

     Holcombe was employed by Meredith Construction as a brick

mason when he sustained a compensable injury by accident.

Because of the severity of the injury to his lower back, Holcombe

could not return to his pre-injury employment.  After

rehabilitation, he began operating a refinishing business as a

sole proprietor.

     When Meredith Construction learned of Holcombe's new

employment, Meredith Construction filed an application for change

in condition.  It requested a termination or suspension of Holcombe's workers' compensation benefits or a credit for previous payments made to Holcombe.  The deputy commissioner found that Holcombe had experienced an increase in earnings and ruled that the calculation of Holcombe's average weekly wage should include consideration of his business' taxable income, including depreciation expense.  The deputy commissioner also ruled that Meredith Construction was entitled to credit for overpayments made during Holcombe's self-employment.  The commission affirmed that decision.

## II.

Code § 65.2-101 contains the guideposts by which the commission may base its finding of average weekly wage.[1]  When

---

[1]In pertinent part, average weekly wage means the following:

> 1.a.  The earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two; but if the injured employee lost more than seven consecutive calendar days during such period, although not in the same week, then the earnings for the remainder of the fifty-two weeks shall be divided by the number of weeks remaining after the time so lost has been deducted.  When the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided that results fair and just to both parties will be thereby obtained.  When, by reason of a shortness of time during which the employee has been in the employment of his employer or the casual nature or terms of his

the earnings of an injured employee are not amenable to the primary calculation specified in Code § 65.2-101, "[t]he commission properly resort[s] to 'such other method of computing average weekly wages . . . most nearly approximat[ing] the amount which the injured employee . . . earn[s].'" Dominion Assocs. Group, Inc. v. Queen, 17 Va. App. 764, 767, 441 S.E.2d 45, 47 (1994)(quoting Code § 65.2-101 ("Average weekly wage" . . . 1.b.).  "The reason for calculating the average weekly wage is to approximate the economic loss suffered by an employee . . . when there is a loss of earning capacity because of work related injury."  Bosworth v. 7-Up Distrib. Co., 4 Va. App. 161, 163, 355 S.E.2d 339, 340 (1987).

On review from the deputy commissioner's decision, the commission held that Holcombe's average weekly wage, as a self-employed person operating as a sole proprietor, "should be based

> employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the fifty-two weeks previous to the injury was being earned by a person of the same grade and character employed in the same class of employment in the same locality or community.
>
> b.  When for exceptional reasons the foregoing would be unfair either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

Code § 65.2-101 ("Average weekly wage").

on the net taxable income reported by [Holcombe's] business for federal income tax purposes . . . [, which] will, of course, include all allowable expenses, including, but not limited to, depreciation and interest."  The commission's decision follows the principle announced in one of its previous decisions that an allowance for depreciation is a legitimate business expense.  See Semones v. New Jersey Zinc Co., 68 O.I.C. 1 (1989).  The commission's decision is also consistent with "the conclusion reached by the majority of courts which have addressed the question of whether depreciation deductions should be considered in determining [average weekly wages for self-employed individuals] to be awarded as workers' compensation."  Elliott v. El Paso County, 860 P.2d 1363, 1366 (Colo. 1993).  See, e.g., Happle Solar Contractors v. Happle, 547 So. 2d 1035, 1037 (Fla. Dist. Ct. App. 1989); Christian v. Riddle & Mendenhall Logging, 450 S.E.2d 510, 513 (N.C. Ct. App. 1994); Nortim, Inc. v. Workmen's Compensation Appeal Bd., 615 A.2d 873, 875-76 (Pa. Commw. Ct. 1992).

"'[B]roadly speaking, depreciation is the loss, not restored by current maintenance, which is due to all the factors causing the ultimate retirement of the property.  These factors embrace wear and tear, decay, inadequacy, and obsolescence.'"  Alexandria Water Co. v. Alexandria, 163 Va. 512, 564, 177 S.E. 454, 476 (1934) (citation omitted).  "'[T]he [depreciation] deduction simply protects . . . against overstating . . . profits' . . .

- 4 -

[and is] necessary to accurately determine the appropriate amount of income of those who are self-employed." Elliott, 860 P.2d at 1365 (citation omitted).

Although we agree with Meredith Construction's argument that the discussion in the commission's decision concerning Jett v. Jett, VWC File No. 154-35-14 (January 19, 1994), is inaccurate, that error is not dispositive of the issue in this appeal. Properly read, the Jett decision does not reject the principle that depreciation is an appropriate factor in calculating the average weekly wage of a sole proprietor. Jett asked the commission to determine his weekly average wage from the information contained in Schedule C (Profit or Loss from Business Statement) that he submitted for federal income tax purposes. Although the deputy commissioner used the schedule and its depreciation allowance in computing the average weekly wage, on appeal, the commission was "more persuaded" that an alternative method based upon facts in that case gave a more accurate measure of the average weekly wage.

In determining the average weekly wage of Jett, a self-employed truck driver, the commission relied on (1) information in the First Report of Accident which stated Jett's weekly draw, (2) Jett's testimony that he paid his replacement driver 25% of the gross income generated by the truck, and (3) the gross income stated in the schedule. The commission relied on this alternative method of calculating average weekly wage in Jett

because the record did not clearly indicate whether other non-business income was included on Jett's schedule.  Thus, although the commission did not accept Jett's request to use a method of determining average weekly wage that included depreciation in its calculations, the commission stated that, on the facts of that case, a more accurate measure of average weekly wage was available.  The commission's decision did not foreclose in other cases a method of calculating the average weekly wage that would include the sole proprietor's depreciation of equipment.

As a sole proprietor, Holcombe must purchase and maintain equipment to operate his business.  Generally, this equipment will decrease in value over time.  Depreciation allows Holcombe to account for the decrease in value of his assets and recognizes that Holcombe will need to purchase replacement equipment.  The use of depreciation, thus, allows a more accurate basis to compute the average weekly wage of a sole proprietor.

The commission's decision requires Holcombe to make available to Meredith Construction "all books and records of the sole proprietorship so that income and expenses may be verified."  We believe this requirement complies with the commission's concerns expressed in Semones that a sole proprietor such as Holcombe establish that the depreciation is "an actual business expense."

> It was the duty of the Commission to make the best possible estimate of future impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage. . . .  This is a question of fact to be

> determined by the Commission which, if based on credible evidence, will not be disturbed on appeal.

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986).

Accordingly, we hold that the commission did not err in allowing a reasonable rate of depreciation on the equipment as a business expense in determining the average weekly wage of Holcombe, a sole proprietor.

Affirmed.