COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


UTILITY TRAILER MANUFACTURING and
 LIBERTY MUTUAL FIRE INSURANCE
 COMPANY
                                    MEMORANDUM OPINION* BY
v.  Record No. 0823-95-3            JUDGE JAMES W. BENTON, JR.
                                          APRIL 23, 1996
JAMES ARVILLE PRATER


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Monica L. Taylor (Christopher M. Kite;
        Gentry, Locke, Rakes & Moore, on briefs), for
        appellants.

        Ginger Jonas Largen (J. D. Morefield;
        Morefield, Kendrick, Hess & Largen, P.C., on
        brief), for appellee.



     The employer, Utility Trailer Manufacturing, contends that

the commission erred in failing to consider the employer's cross

appeal and finding that James Arville Prater proved a causal link

between his disability and a work related incident.  We affirm

the commission's award.

                              I.

     At the evidentiary hearing, Prater testified that on May 10,

1993, he and other employees were building a second level onto a

stockroom.  They were lifting 500 pound steel flooring slabs and

carrying them on narrow beams.  When Prater and a group of co-

workers lifted the third flooring slab, Prater injured his lower

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

back. He told his co-workers that he had hurt his back, and he did no more lifting that day. Later that day, he felt pain in his legs.

The next day, Prater informed his supervisor, Don Ross, that he injured his back. Prater testified that he continued to work with pain and did not see a doctor because his wife was pregnant and he needed to work. He also testified that he complained on several occasions to Ross and his co-workers that he was having back trouble.

Ross testified that Prater did complain to him of a back injury in May or the early summer. He testified he took no action because he regularly heard complaints from employees. Ross could not recall whether Prater told him how he had hurt his back and did not recall Prater making further complaints until several months later when Prater left work complaining of back pain.

Prater testified that on October 13, 1993, his back problems flared up after operating a jackhammer. He then made an appointment to see his doctor and left work. Before Prater could receive medical treatment from his doctor, the employer made an appointment for him to see Dr. James McDowell. Prater told Dr. McDowell that he injured his lower back while laying flooring at the plant. Dr. McDowell diagnosed chronic low back pain and ordered Prater to cease work.

Dr. McDowell also referred Prater to Dr. Larry Lipscomb, an

orthopaedic specialist. According to Dr. Lipscomb, Prater reported that "sometime in May '93, [he was] working with heavy steel" and injured his back. After concluding that Prater was not a surgical candidate, Dr. Lipscomb referred Prater to Dr. David Sossamon, a chiropractor. In a letter to Dr. Lipscomb dated February 8, 1994, Dr. Sossamon reported that Prater informed him that "he lifted steel in May, 1993 and hurt his low back." Based on his "interpretation of events, examinations and MRI," Dr. Sossamon opined that Prater "injured his lumbar spine on the job sometime in May, 1993."

The deputy commissioner accepted Prater's testimony regarding the incident that occurred on May 10, 1993, and ruled that the evidence proved an injury by accident. However, he found insufficient evidence causally relating Prater's injury to the incident and denied Prater's claim. Prater filed an application for review on the issue of causation. The employer filed a cross appeal challenging the deputy commissioner's finding that Prater had suffered an injury by accident on May 10, 1993.

## II.

Viewed in its entirety, the commission's opinion establishes that the commission considered and decided the issue raised by the employer's cross appeal, i.e., whether the evidence proved an injury by accident. The opinion recites the evidence in the record that proved Prater suffered an injury by accident. That

recitation included Prater's unimpeached testimony, the supervisor's testimony that Prater told him in May that he hurt his back, and the testimony of Prater's co-workers that Prater complained of back pain. The commission then ruled as follows:

> From this record the Deputy Commissioner concluded that [Prater] did sustain an accident in May, 1993, while lifting steel flooring. He further found, however, that the medical records do not causally relate his disability in November, 1993, to the accident in May. We disagree with this latter determination.

Although the commission could have more explicitly stated that the evidence it reviewed was credible and proved an injury by accident, we conclude that the commission tacitly and implicitly ruled that an injury by accident was proved by credible evidence. That ruling is manifest from the commission's recitation of the two findings of the deputy commissioner and the commission's explicit statement that it disagreed only with the finding regarding causality.

The commission's recitation of the evidence concerning the onset of injury also refutes the employer's claim. The commission was not required to make a specific determination that Prater's testimony was credible. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 383, 363 S.E.2d 433, 438 (1987). There was no evidence before the commission contrary to Prater's testimony, and the deputy commissioner made no finding that Prater's testimony was incredible. In determining whether credible evidence supports the commission's ruling, "[w]e will

not substitute form over substance." Island Creek Coal Co. v. Breeding, 6 Va. App. 1, 11, 365 S.E.2d 782, 788 (1988). Prater's testimony credibly proved that he suffered an injury by accident on May 10, 1993, and the commission so ruled in its opinion on review.

### III.

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989); Code § 65.2-706. All the medical reports link the cause of Prater's injury to the work related injury. However, we need not look beyond Dr. Sossamon's report which the commission relied upon. When a commission opinion is based upon medical findings, that resolution is a factual finding based on credible evidence that binds this Court. Rose v. Red's Hitch & Trailer Serv., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

Accordingly, we affirm the commission's award.
Affirmed.