COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


GOODWILL INDUSTRIES OF DANVILLE
 AND HARTFORD UNDERWRITERS
 INSURANCE CO.                          MEMORANDUM OPINION[*] BY
                                        JUDGE JAMES W. BENTON, JR.
v.  Record No. 1547-95-3                    JULY 23, 1996

FAYE H. EASLEY


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Martha White Medley (Daniel, Vaughan, Medley &
               Smitherman, on brief), for appellants.

               Barbara Hudson for appellee.



     The Workers' Compensation Commission awarded Faye H. Easley

reimbursement for medical treatment rendered on July 1, 1993, and

denied reimbursement for medical treatment rendered on June 19,

1992 and January 25, 1993.  Goodwill Industries of Danville

contends that res judicata bars reimbursement for the July 1,

1993 medical treatment.  We affirm the award.

     The evidence proved that Easley was employed as a

comptroller by Goodwill in 1989.  When hired, she informed

Goodwill that she suffered from spina bifida, a congenital low

back condition.  On April 18, 1990, a doorknob struck Easley's

lower back at work and herniated a disk at L5-S1 that aggravated

her spina bifida.  Goodwill reported the injury to the commission

but did not forward a memorandum of agreement to the commission.

_____
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

No award was entered.

On January 9, 1992, a worker at Goodwill engaged in horseplay and grabbed Easley by her arm and leg. That incident injured Easley's back and caused her to experience "pain in the [left] low back radiating into the buttocks, down the posterior part of the [left] leg." A medical report diagnosed "[e]xacerbation of L5-S1 radiculopathy [with] known disc disease & spina bifida." Easley missed time from work and was released to work full-time beginning April 6, 1992.

Easley filed an application for benefits on September 15, 1992. As its defense, Goodwill contended (1) that no injury by accident arose out of and in the course of employment, (2) that Easley's disability resulted from a pre-existing condition, (3) that no causal connection existed between the period of disability and the incident, (4) that medical records failed to connect the disability with Easley's employment, (5) that Easley failed to market her residual capacity, and (6) that Easley settled with the co-worker to the prejudice of Goodwill.

Following an evidentiary hearing, the deputy commissioner found that Easley suffered an injury by accident that arose out of and in the course of employment, that Goodwill pressured Easley into accepting a $500 settlement from the co-worker, and that Easley had adequately marketed her residual capacity. The deputy commissioner awarded Easley temporary total disability for 8.2 days and ordered Goodwill to pay for any medical treatment

Easley received relating to the January 1992 injury.

Both parties filed applications for review. Easley contended that she was entitled to compensation for additional periods of disability. Goodwill contended that Easley's injury did not arise out of employment and that her settlement with the employee who caused the injury barred a claim against Goodwill.

In its December 13, 1993 opinion, the commission found that Easley's settlement agreement with her co-worker was encouraged and acquiesced in by her supervisor and that the co-worker was not an "other party" described in Code § 65.2-309. The commission also found that the medical records at the hearing did not prove that the treatment Easley received subsequent to April 6, 1992, resulted from her January 1992 injury. The commission relied in part upon a report from Dr. Joel M. Singer which attributed Easley's absence from work since September 1992 to "a recurrence of her original injury from 4/18/90." Thus, the commission affirmed completely the deputy commissioner's rulings.

Goodwill's insurer later refused to pay for medical treatment rendered to Easley on June 19, 1992, January 21, 1993, and July 1, 1993. Easley filed an application seeking to compel payment for the three unreimbursed medical bills, for pain medication, and attorneys' fees. She contended that the award of medical benefits entitled her to recover for medical expenses related to the January 1992 injury. Acknowledging that the award of benefits entitled Easley to medical treatments related to the

January 1992 incident, the deputy commissioner ruled that because the medical treatments were rendered after April 6, 1992, they were not causally related to the compensable disability and Easley was not entitled to recover.

The commission reversed, in part, the deputy commissioner's decision. The commission found that the evidence related the July 1, 1993 medical bill to the January 9, 1992 injury. The commission also found that at the previous evidentiary hearing the June 19, 1992 and January 25, 1993 bills were at issue and found to be unrelated to the January 1992 injury. The commission reaffirmed that its earlier award entitled Easley to recover for any future medical expenses that were related to treatment for the January 1992 injury.

We hold that the commission's award is consistent with its prior review opinion and is not barred by the doctrine of res judicata. In its initial review opinion, the commission held that the limited period of compensation awarded by the deputy commissioner was correct and affirmed that award in every aspect, including the deputy commissioner's ruling that Goodwill was "responsible for the reasonable cost of medical care, if any there be, related to the claimant's accident of January 9, 1992." The commission's initial decision resolved the issues of Easley's period of disability and found that Easley was not disabled from work for the period April 6, 1992 through the date of her application, i.e. September 15, 1992. That decision did

not bar the prospect of any future medical treatment that was proved to be related to the January 1992 injury.

At the initial evidentiary hearing the medical expenses for June 19, 1992 and January 25, 1993 were proved, and the commission implicitly found that the medical treatment rendered on these two dates did not relate to Easley's January 9, 1992 injury. Easley did not appeal from that ruling. Thus, <u>res judicata</u> barred her claim in this proceeding for reimbursement for medical treatment evidenced by the June 19 and January 25 reports. See <u>K & L Trucking Co. v. Thurber</u>, 1 Va. App. 213, 219, 337 S.E.2d 299, 302 (1985)("the decisions of the Commission or its deputy commissioners from which no party seeks timely review are binding upon the Commission"). The commission's decision so holds.

The commission's initial award did not address, however, the medical treatment provided to Easley on July 1, 1993. Both the application and the deputy commissioner's decision predated the doctor's visit on July 1, 1993. No evidence at the initial hearing concerned the July 1, 1993 medical care and the basis for the treatment.

The record of the current proceeding contains credible evidence that the July 1, 1993 medical report was related to Easley's January 1992 injury. "It lies within the commission's authority to determine the facts and the weight of the evidence, and its findings in that regard, when supported by credible

evidence, will not be disturbed on appeal." <u>Rose v. Red's Hitch & Trailer Services</u>, 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).  Accordingly, we affirm the commission's decision that the employer must reimburse Easley for the medical care provided by Dr. Singer on July 1, 1993 and any subsequent care "related to [her] injury of January 9, 1992."

<u>Affirmed</u>.