COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


MICHAEL RAY MANES

                                        MEMORANDUM OPINION*
v.   Record No. 0862-96-2                   PER CURIAM
                                        SEPTEMBER 24, 1996
TCB CONSTRUCTION, INC.
AND
ERIE INSURANCE EXCHANGE


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Michael R. Manes, pro se, on brief).

            (Benjamin J. Trichilo; Trichilo, Bancroft,
            McGavin, Horvath & Judkins, on brief), for
            appellees.


        Michael Ray Manes contends that the Workers' Compensation

Commission erred in finding that (1) he was not a credible

witness; (2) his right carpal tunnel syndrome and current

disability are not causally related to his July 6, 1993 injury by

accident; and (3) he failed to market his residual capacity.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

                              I.

        It is well-settled that credibility determinations are

within the fact finder's exclusive purview.  Goodyear Tire &

Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437

(1987).  In reviewing the commission's decision, we do not

_____

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

consider any medical reports which were not properly before it.

Based upon Manes' failure to reveal his 1983 work accident and his pre-July 6, 1993 bilateral carpal tunnel symptoms, as well as other discrepancies between his assertions of total disability and the medical records, the commission was entitled to conclude that Manes' testimony was not credible.

## II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  In holding that Manes failed to prove that his right carpal tunnel syndrome was caused by his July 6, 1993 injury by accident, the commission found as follows:

> Dr. [Robert] Rutkowski opined that [Manes'] carpal tunnel syndrome was not causally related to his compensable injury by accident on July 6, 1993.  In an October 13, 1994 report, Dr. [George N.] Stergis indicated that "given the absence of pre-existing complaints or alternative explanations," [Manes'] carpal tunnel syndrome is causally related to his employment.  It is obvious from this report that Dr. Stergis was unaware of [Manes'] complaints of right wrist pain as early as 1986.  After viewing a portion of the hearing transcript, Dr. Stergis concluded that [Manes] has a pre-existing history of carpal tunnel syndrome.
>
> After a thorough review of the medical record, it appears that none of the physicians involved in this matter indicate within a reasonable degree of medical certainty that [Manes'] right carpal tunnel syndrome is causally related to the July 6, 1993 incident.

The commission's findings are fully supported by the medical

2

records.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  Moreover, in its role as fact finder, the commission was entitled to determine what weight, if any, was to be given to the various medical opinions in the record.  "It lies within the commission's authority to determine the facts and the weight of the evidence . . . ."  Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).  Credible evidence in the record supports the commission's finding that Manes did not bear his burden of proving that his right carpal tunnel syndrome and continuing disability were related to his July 6, 1993 injury by accident.[1]

### III.

"In determining whether a claimant has made a reasonable effort to market his remaining work capacity, we view the evidence in the light most favorable to . . . the prevailing party before the commission . . . ."  National Linen Serv. v. McGuinn, 8 Va. App. 267, 270, 380 S.E.2d 31, 32 (1989).  A claimant still has the burden of proving his entitlement to benefits, and to do that he has the burden of proving that he

---

[1] We recognize that the Supreme Court ruled in Stenrich Group v. Jemmott, 251 Va. 186, 199, 467 S.E.2d 795, 802 (1996), that carpal tunnel syndrome is not compensable as an occupational disease if it is caused by repetitive motion.  However, employer did not raise the issue of whether Manes' condition constituted a disease before the commission.  Accordingly, we do not address this issue on appeal.

3

made a reasonable effort to procure suitable work but was unable to market his remaining work capacity.  <u>Great Atl. & Pac. Tea Co. v. Bateman</u>, 4 Va. App. 459, 464, 359 S.E.2d 98, 100 (1987).

Relying upon Dr. Stergis' October 13, 1994 report, the commission found that Manes was only partially incapacitated.  In light of medical records supporting the commission's decision that Manes was at most partially disabled and in light of his failure to provide evidence of his marketing efforts, we hold that credible evidence supports the commission's finding.

For the foregoing reasons, we affirm the commission's decision.

<u>Affirmed.</u>