COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Humphreys


BURLINGTON INDUSTRIES, INC. AND
 RELIANCE NATIONAL INDEMNITY COMPANY

                                    MEMORANDUM OPINION*
v.    Record No. 0900-00-3              PER CURIAM
                                     AUGUST 15, 2000
REBECCA P. GOLDA


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Gregory T. Casker; Daniel, Vaughan, Medley &
              Smitherman, P.C., on brief), for appellants.

              (Stephen G. Bass; Carter, Craig, Bass,
              Blair & Kushner, P.C., on brief), for
              appellee.


     Burlington Industries, Inc. and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in calculating Rebecca A. Golda's

(claimant) pre-injury average weekly wage.  Employer argues that

"exceptional reasons" exist pursuant to Code § 65.2-101(1)(b),

which required the commission to use a method other than

considering claimant's earnings for the fifty-two weeks before

her industrial injury.  Upon reviewing the record and the briefs

of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  See

Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

> It [is] the duty of the Commission to make the best possible estimate of future impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage . . . . This is a question of fact to be determined by the Commission which, if based on credible evidence, will not be disturbed on appeal.

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986).

"The commission is guided by statute in determining average weekly wage." Dominion Assocs. Group, Inc. v. Queen, 17 Va. App. 764, 766, 441 S.E.2d 45, 46 (1994). Code § 65.2-101 defines "average weekly wage" as follows:

> 1.a. The earnings of the injured employee in the employment in which he was working at the time of the injury during the period of fifty-two weeks immediately preceding the date of the injury, divided by fifty-two . . . . When the employment prior to the injury extended over a period of less than fifty-two weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided that results fair and just to both parties will be thereby obtained. . . .
>
> b. When for exceptional reasons the foregoing would be unfair either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

(Emphasis added.) "The reason for calculating the average weekly wage is to approximate the economic loss suffered by an employee . . . when there is a loss of earning capacity because

-

of work-related injury . . . ." <u>Bosworth v. 7-Up Distrib. Co.</u>, 4 Va. App. 161, 163, 355 S.E.2d 339, 340 (1987) (citations omitted).

Claimant worked as a fabric inspector for employer. She planned to retire from her job on July 24, 1998. However, on July 20, 1998, she sustained a compensable injury to her right shoulder while at work. As a result, she moved her retirement date to July 23, 1998. Claimant planned to take a few weeks off after her retirement and then seek part-time work.

The parties stipulated that claimant was totally disabled due to her compensable injury as of April 7, 1999. The commission awarded claimant temporary total disability benefits beginning April 7, 1999 based upon her pre-injury average weekly wage.

Employer argues that claimant's voluntary retirement after her injury precluded her from receiving benefits based upon her pre-injury average weekly wage. In finding no merit in this argument, the commission held as follows:

> [E]mployer cites no statute or case law in support of its argument. Workers' compensation benefits are intended to compensate the claimant for wage loss resulting from a compensable accident. Her voluntary retirement from the employer does not remove or diminish her ability to earn wages. However, being temporarily and totally disabled does prevent the claimant from earning wages. Therefore, she is entitled to temporary total disability benefits based on her preinjury average weekly wage.

-

The commission's holding is consistent with the definition of "average weekly wage" contained in Code § 65.2-101, case law, and the overall purpose of workers' compensation. We agree with the commission that there is no support in the statutes or case law for employer's argument. The record contained adequate information to calculate claimant's pre-injury average weekly wage as the commission used her earnings over the fifty-two week period before the date of her injury. Furthermore, nothing in the record established that the fifty-two-week calculation failed to reflect what claimant was capable of earning, but for the July 20, 1998 injury by accident.

For these reasons, we affirm the commission's decision.

Affirmed.