COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, McClanahan and Beales
Argued at Richmond, Virginia


THE GOODYEAR TIRE & RUBBER CO. AND
  LIBERTY INSURANCE CORP.
                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2905-08-3        JUDGE ELIZABETH A. McCLANAHAN
                                                 SEPTEMBER 8, 2009
TROY CALVIN MENDENALL, III


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            James A. L. Daniel (Janine M. Jacob; Daniel, Medley & Kirby, P.C.,
            on briefs), for appellants.

            Philip B. Baker (Sanzone & Baker, P.C., on brief), for appellee.


      The Goodyear Tire and Rubber Co. and its insurer (collectively "Goodyear") appeal a

decision of the Workers' Compensation Commission awarding benefits to claimant, Troy Calvin

Mendenall, III.  Goodyear argues the commission erred by excluding weeks claimant was on

strike from employment in calculating his pre-injury average weekly wage.  For the reasons that

follow, we affirm the decision of the commission.

      Claimant, employed by Goodyear since November 1976, sustained a compensable injury by

accident to his left shoulder on June 7, 2007.  During the fifty-two (52) weeks prior to his injury,

claimant participated in a twelve-week union strike against Goodyear in which he received no pay

and also took three weeks unpaid vacation.  The parties stipulated that claimant was entitled to

temporary total disability benefits, permanent partial disability benefits, specific medical bills, and

lifetime medical benefits related to his injury.  The only disputed issue submitted to the deputy

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

commissioner was the calculation of claimant's pre-injury average weekly wage. Claimant argued

the twelve weeks during which he was on strike and the three weeks of unpaid vacation should be

excluded from the number of weeks used in the pre-injury average weekly wage calculation.

Goodyear argued the strike weeks and unpaid vacation weeks should be included in the calculation.

The deputy commissioner agreed with Goodyear but the commission reversed concluding the strike

weeks and unpaid vacation weeks should be excluded from the calculation. Goodyear seeks a

reversal of the commission's decision only with respect to its holding that the strike weeks should

be excluded from the calculation.

> It [is] the duty of the Commission to make the best possible estimate of future impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage . . . . This is a question of fact to be determined by the Commission which, if based on credible evidence, will not be disturbed on appeal.

Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441-42, 339 S.E.2d 570, 573 (1986). "The

commission is guided by statute in determining average weekly wage." Dominion Assocs. Group,

Inc. v. Queen, 17 Va. App. 764, 766, 441 S.E.2d 45, 46 (1994). Code § 65.2-101, in relevant part,

defines "average weekly wage" as follows:

> 1. a. The earnings of the injured employee in the employment in which he was working at the time of the injury during the period of 52 weeks immediately preceding the date of the injury, divided by 52; *but if the injured employee lost more than seven consecutive calendar days during such period, although not in the same week, then the earnings for the remainder of the 52 weeks shall be divided by the number of weeks remaining after the time so lost has been deducted. . . .*
>
> b. When for exceptional reasons the foregoing would be unfair either to the employer or employee, such other method of computing average weekly wages may be resorted to as will most nearly approximate the amount which the injured employee would be earning were it not for the injury.

(Emphasis added). "The reason for calculating the average weekly wage is to approximate the *economic loss* suffered by an employee . . . when there is a loss of earning capacity because of work-related injury . . . ." Bosworth v. 7-Up Distrib. Co., 4 Va. App. 161, 163, 355 S.E.2d 339, 340 (1987). To achieve this purpose, Code § 65.2-101(1)(b) clearly gives the commission the discretion to determine what method is fair in making this determination.

The commission found "that the periods during which the claimant did not earn wages for more than seven consecutive days, including the 12-week strike period, should have been excluded in calculating the pre-injury wage." Nothing in the record suggests that this method, consistent with the provisions of Code § 65.2-101(1)(a), was not fair and just to the parties. We further note, in decreasing the number of weeks used for the calculation, the commission is not compensating the employee for "lost" time, but rather best approximating what the employee would be earning were it not for his injury by excluding time not worked that might be considered an aberration.

Because credible evidence supports the commission's determination, we affirm its decision.

Affirmed.