## Clinchfield Coal Company

### v.

## Larry Bowman

Record No. 840024

Decided April 26, 1985, at Richmond

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas JJ., and Gordon, Retired Justice.

*Michael F. Blair (Penn, Stuart, Eskridge & Jones,* on brief), for appellant.
*S. Strother Smith, III,* for appellee.

PER CURIAM.

The dispositive issue in this appeal is whether there is credible evidence to support the Industrial Commission's finding that a claimant's alleged changed condition was causally related to an industrial accident.

Larry Bowman was employed by Clinchfield Coal Company as a miner. On September 12, 1978, he was struck by a large rock which fell from the top of the mine. Bowman sustained injuries to his ribs, back, and right knee. The employer voluntarily paid workers' compensation benefits from the date of the accident.

On April 4, 1980, the employer filed an application to terminate Bowman's benefits, claiming that he was able to return to work. The Commission found that Bowman had recovered from his injuries and terminated his benefits effective April 7, 1980.

On April 6, 1982, Bowman filed an application, pursuant to Code § 65.1-99, alleging that his condition had changed and that he was again disabled as a result of the industrial accident. The Commission found that Bowman's continuing problems with his right knee were caused by the accident and reinstated his benefits.

The evidence relating to Bowman's knee injury is found in two reports of Dr. William A. McIlwain, an orthopedist. Dr. McIlwain performed surgery on Bowman's knee on September 22, 1982, to repair "a torn medial meniscus fragment." His first report was based solely on the medical history Bowman related. In this report, Dr. McIlwain stated that "[i]t is reasonable from his history

to medically *assume* that he sustained this injury in the rock fall." (Emphasis added.)

At the time of the first report, however, Dr. McIlwain had not reviewed Bowman's medical records. The records would have revealed that Bowman had sustained a knee injury in 1975, resulting in surgery. Dr. McIlwain subsequently reviewed these records and submitted a second report, dated December 3, 1982, which reads in pertinent part:

Mr. Bowman has had complaints of his knee bothering him previously but following his injury in 1975 he had multiple problems with pain in his knee along the medial joint line. At the time of surgery he was found by Dr. Gardner to have no internal derangment [sic], that is to say torn menisci within the knee. However he continued to have discomfort such that in November, 1975, he had right knee arthrography performed because of continued medial joint line pain. The record then continues to indicate that Mr. Bowman had problems with his right knee up to 1978. In 1978 the eight hundred pounds of rock fell on him and he twisted his right knee which probably potentiated accentuation . . . . It would appear, to my examination of the record, that this patient's symptomatic complaints about his right knee which ultimately led to the surgery I performed on him were the same complaints from 1975 to the present. Obviously at any point along the way a new injury could have occurred but it would appear in the context of his previous complaints that he has been experiencing a continuation of the 1975 injury.

On appeal, the Commission's findings of fact are conclusive and binding upon us if they are supported by credible evidence. Code § 65.1-98; *McCaskey* v. *Patrick Henry Hospital*, 225 Va. 413, 415, 304 S.E.2d 1, 2 (1983). However, the claimant has the burden of proving a change in his condition which "resulted naturally and unavoidably" from the industrial accident. *Old Dominion Co.* v. *Messick*, 149 Va. 330, 335, 141 S.E. 132, 133 (1928). A mere opinion that the condition may have resulted from the accident is not sufficient. *Id.* at 337, 141 S.E. at 134.

In Dr. McIlwain's first report, he *assumed* that the condition he discovered resulted from the 1978 accident. The basis for

this assumption was the incomplete information furnished by Bowman.

After Dr. McIlwain reviewed Bowman's medical records, however, he stated unequivocally that the cause of Bowman's knee problems, which the doctor had discovered and repaired, was the 1975 injury. This evidence stands unrefuted. Thus, the record is devoid of any credible evidence connecting a change in Bowman's physical condition to the industrial accident.

This is not a case where the Commission simply resolves a doctor's conflicting evidence. *See, e.g., Chandler* v. *Schmidt Baking Co.*, 228 Va. 265, 321 S.E.2d 296 (1984). Here, on the other hand, the treating physician rendered but one opinion based upon the facts. His original assumption rested upon a faulty premise, and the Commission erred in attributing any weight to it.

Therefore, we hold that the Commission's finding is not supported by credible evidence. Accordingly, we will reverse the Commission's order, vacate the award, and dismiss the application.

*Reversed and dismissed.*