COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


LAURA D. PERFATER

v.   Record No. 0712-95-3                    MEMORANDUM OPINION*
                                                  PER CURIAM
AMES TEXTILE CORPORATION                    SPETEMBER 26, 1995
AND
AMERICAN & FOREIGN INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Joseph J. Steffen, Jr., on brief), for appellant.

              (Richard D. Lucas; Woods, Rogers & Hazlegrove, on
              brief), for appellees.


     Laura D. Perfater contends that the Workers' Compensation
Commission erred in finding that she failed to prove that her
alleged neck and shoulder injuries were causally related to her
compensable May 18, 1994 injury by accident.  Upon reviewing the
record and the briefs of the parties, we conclude that this
appeal is without merit.  Accordingly, we summarily affirm the
commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable
to the prevailing party below.  R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
Unless Perfater's evidence proved as a matter of law that the
accident of May 18 caused her injury, rather than some other
causative event or circumstance, the commission's findings are

_____

     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying benefits to Perfater, the commission found the following:

> The Deputy Commissioner denied benefits, finding the claimant was not credible and did not give accurate histories to the physicians, which renders their opinions regarding causation less persuasive.  Upon Review of the entire record, we agree with the Deputy Commissioner's determination.  Not only were the physicians unaware of the claimant's limited recreational activities, the medical reports refer to a history of neck complaints since the accident, which the claimant denied at the hearing.
> While an EMG revealed a tardy ulnar palsy, this condition is not related to the accident.  The claimant never complained to anyone with the employer about any other injuries besides the eye cut and did not give an accurate medical history to her physicians.  Based on the inconsistencies and inaccuracies in the record, we cannot find the claimant has sustained her burden of establishing a causal link between her neck complaints and her May 18, 1994 industrial accident . . . .

Credibility determinations of witnesses are within the fact finder's exclusive purview.  Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).  Because Perfater gave her treating physicians inaccurate medical histories, the commission was entitled to find that the physician's medical opinion concerning the cause of Perfater's neck condition was not based upon reliable information.  Accordingly, the commission was entitled to reject the physician's opinion concerning causation.  See Clinchfield Coal

2

Co. v. Bowman, 229 Va. 251-52, 329 S.E.2d 15, 16 (1985).  "It lies within the commission's authority to determine the facts and the weight of the evidence . . . ."  Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).  The commission considered the witnesses' testimony and the medical records and resolved the issue of credibility against Perfater.  We will not disturb this finding on appeal.  Goodyear, 5 Va. App. at 381, 363 S.E.2d at 437.

Accordingly, we affirm the commission's decision.

Affirmed.