COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

DENNIS RAY McGUIRE

v.   Record No. 0352-95-2                     MEMORANDUM OPINION[*]
                                                   PER CURIAM
DOBBS INTERNATIONAL SERVICES, INC.         SEPTEMBER 26, 1995
AND
LIBERTY MUTUAL INSURANCE COMPANY

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                  (Dennis Ray McGuire, pro se, on brief).

                  (Susan A. Evans; Siciliano, Ellis, Dyer &
                  Boccarosse, on brief), for appellees.


     Dennis R. McGuire ("claimant") contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that (1) he sustained a back injury causally related to his March

7, 1994 compensable injury by accident; and (2) he made a

reasonable effort to market his residual capacity between March

20, 1994 and May 23, 1994.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

                        I.  Back Injury

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Unless we can say as a matter of law that claimant's evidence sustained his burden of proving that he sustained a back injury causally related to his March 7, 1994 injury by accident, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant sustained a compensable head injury on March 7, 1994, but that he failed to prove he sustained a back injury causally related to the March 7, 1994 injury by accident, the commission found as follows:

> Dr. [Richard] Leschek's opinion is not persuasive because his reports show he was misinformed regarding the accident and the timing of the claimant's complaints.  He noted the claimant had been knocked down, which is contrary to the testimony of both the claimant and Craig Cooper, who witnessed the accident.  Dr. Leschek's reports also record a history of back pain immediately after the accident.  In contrast, the claimant testified he did not notice any injury immediately after the accident other than a knot on the head, and that by March 9 he noticed numbness but no back pain. Moreover, the Employer's First Report of Injury did not reference any back injury nor did the claimant's March 17, 1994 Claim for Benefits.

The testimony of claimant and Cooper, as well as the accident report and the Claim for Benefits form, support the commission's finding that claimant did not sustain a back injury on March 7, 1994.  Both claimant and Cooper unequivocally testified that claimant was hit on the head, but not knocked down.  Claimant did not notice back pain immediately after the

2

accident nor did he tell Cooper that he had hurt his back. On the accident report and the Claim for Benefits, claimant reported only a head injury.

In its role as fact finder, the commission was entitled to determine what weight, if any, to give to Dr. Leschek's opinion. "It lies within the commission's authority to determine the facts and the weight of the evidence . . . ." Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion was of little probative value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985). Since Dr. Leschek's opinion that claimant's back injury was caused by the March 7, 1994 accident was based upon an inaccurate history, the commission did not err in rejecting Dr. Leschek's opinion. Absent Dr. Leschek's opinion, there was no evidence of a causal connection between the March 7, 1994 industrial accident and claimant's back condition.

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained his burden of proving that he sustained a back injury causally related to the March 7, 1994 injury by accident.

## II.

The medical records reflect that claimant's work restrictions and continuing partial disability were related

solely to his back condition.  Since we find that the commission did not err in ruling that claimant failed to prove a compensable back injury, we need not address the marketing issue as it is moot.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

4