COURT OF APPEALS OF VIRGINIA

Present: Judges Bray, Annunziata and Overton

WILLIAM BYRD REED

v.   Record No. 2212-95-1                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
DOUGHTIE'S FOODS, INC.                       MARCH 26, 1996
AND
HOME INDEMNITY COMPANY

                                       FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Alan P. Owens, on brief), for appellant.

          (Robert A. Rapaport; Lynne M. Ferris;
          Knight, Dudley, Clarke & Dolph, on brief),
          for appellees.


     William Byrd Reed ("claimant") contends that the Workers'

Compensation Commission erred in finding that he failed to prove

that his December 22, 1993 compensable injury by accident caused

his back symptoms or an aggravation of his preexisting back

condition.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant failed to prove he sustained a back injury or an aggravation of a preexisting condition causally related to the December 22, 1993 injury by accident, the commission found as follows:

> A review of the medical record reflects that there were no contemporaneous complaints of back pain from the fall on December 22, 1993. Indeed, the first report of back pain was on January 4, 1994, 13 days after the accident. Diagnostic studies revealed spondylolisthesis and spondylosis in the lumbar region, the same condition which was diagnosed following the industrial injury of October 20, 1992. The only physician who evaluated the claimant for both injuries, Dr. [Sterling R.] Williamson, [an orthopedic surgeon], opined that there was no correlation between the current back problems and the accident of December 22, 1993. He offered this opinion after performing an examination and after reviewing the medical records related to the December 1993 accident. Likewise, Dr. [Steven C.] Blasdell [an orthopedic surgeon] reached the same conclusion.

The commission also found that claimant's evidence did not prove he sustained an aggravation of his preexisting back condition as a result of the December 22, 1993 accident. In so ruling, the commission rejected the opinions of Drs. Harry J. Molligan and David L. Durica, orthopedic surgeons.

The medical records and opinions of Drs. Williamson and Blasdell support the commission's decision. The commission was

2

entitled to accept their opinions and to reject the contrary
opinions of Drs. Molligan and Durica. "Questions raised by
conflicting medical opinions must be decided by the commission."
Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d
231, 236 (1989).

Moreover, in its role as fact finder, the commission was
entitled to determine what weight, if any, was to be given to Dr.
Molligan's opinion. "It lies within the commission's authority
to determine the facts and the weight of the evidence . . . ."
Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60,
396 S.E.2d 392, 395 (1990). Dr. Molligan based his opinion upon
an inaccurate history, because he was under the impression that
claimant's back complaints began contemporaneously with the
December 22, 1993 accident. Where a medical opinion is based
upon an incomplete or inaccurate medical history, the commission
is entitled to conclude that the opinion is of little probative
value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52,
329 S.E.2d 15, 16 (1985). In addition, the commission was
entitled to find Dr. Williamson's opinion more persuasive than
that of Dr. Durica. Dr. Williamson was the only physician who
evaluated claimant after the October 1992 back injury and after
the December 22, 1993 accident.

Based upon this record, we cannot find as a matter of law
that claimant's evidence sustained his burden of proving that the
December 22, 1993 injury by accident caused his back symptoms or

3

an aggravation of his preexisting back condition.  Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>

4