COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff

BUREN GOINGS

v.   Record No. 2909-95-4                  MEMORANDUM OPINION[*]
                                                PER CURIAM
NATIONAL SOCIETY OF PUBLIC ACCOUNTANTS          APRIL 16, 1996
AND
UTICA NATIONAL INSURANCE GROUP


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

              (James F. Green; Ashcraft & Gerel, on
              brief), for appellant.

              (Charles F. Midkiff; Scott C. Ford; Midkiff
              & Hiner, on brief), for appellees.


     Buren Goings ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that he

failed to prove (1) that his left shoulder condition constituted

a compensable consequence of his January 4, 1993 right shoulder

injury; or (2) that he sustained an injury by accident to his

left shoulder arising out of and in the course of his employment

on January 4, 1993.  Upon reviewing the record and the briefs of

the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

## Background

On January 4, 1993, claimant sustained a right shoulder rotator cuff tear while in the course of and arising out of his employment. Employer accepted claimant's right shoulder injury as compensable and the commission entered an award on July 13, 1993. On December 22, 1994, claimant filed an application alleging that he also injured his left shoulder as a result of the January 4, 1993 accident, or in the alternative, that his left shoulder condition was a compensable consequence of his January 4, 1993 right shoulder injury.

Claimant testified that he felt sharp pain in his right bicep at the time of the accident. However, he admitted that he did not feel any pain in his left arm on January 4, 1993. On February 2, 1993, Dr. Rida N. Azer, an orthopedic surgeon, began treating claimant. On March 4, 1993, Dr. Azer performed surgery on claimant's right shoulder. After the surgery, claimant wore a sling for three weeks. Claimant attended physical therapy two

2

times per week from March 1993 through August 1993.

Claimant stated that, from January 4, 1993 until the end of August 1993, he had to use his left hand almost exclusively because of the weakness in his right arm. Claimant contended that he began to experience sharp pains and muscle spasms in his left shoulder approximately two to three months after his surgery. The severity of the pain caused claimant to wake up at night screaming.

The March 3, 1993 Memorandum of Agreement signed by claimant contains no indication of any left shoulder injury nor did claimant mention any injury to his left shoulder during his February 11, 1993 recorded statement. In addition, claimant's physical therapy records from March 26, 1993 through August 18, 1993 do not contain any mention of left shoulder complaints. Claimant did not mention left shoulder pain or problems to Dr. Moosa Kazim, who examined claimant at employer's request on August 3, 1993 and March 29, 1994.

On August 31, 1993, Dr. Azer noted that, after a physical therapy session where claimant used weights from fifty to ninety pounds, his left shoulder showed a range of motion of zero to 160 degrees with pain in the abduction arc. Dr. Azer's records do not contain any subsequent mention of left shoulder pain until June 21, 1994. Left shoulder x-rays taken on July 12, 1994 revealed multiple cysts and degenerative changes in the AC joint. An August 4, 1994 MRI revealed a complete tear of the

supraspinatus tendon along with an irregularity of the superior labrum suggestive of a tear.

In his March 15, 1995 progress note, Dr. Azer opined that claimant "has significant residuals from his injury of 1-4-93. He has impingement syndrome of the left shoulder and severe adhesive capsulitis. He is awaiting surgical intervention . . . ." On March 31, 1995, based solely upon claimant's statements that he had symptoms in both shoulders at the time of the January 4, 1993 accident, Dr. Azer opined that claimant injured his left shoulder in the January 4, 1993 compensable accident. Dr. Azer also stated that the treatment of claimant's right shoulder, which caused him to overuse his left shoulder, resulted in an increase in the rotator cuff tear and the left shoulder impingement syndrome.

On February 8, 1995, claimant told Dr. Kazim that his left shoulder pain began in July or August 1994 as he reached into the backseat of his convertible. Claimant denied left shoulder problems prior to July 1994. Dr. Kazim diagnosed impingement syndrome of the left shoulder, which he opined was not related in any manner to the January 4, 1993 right shoulder injury.

Claimant admitted that he experienced severe left shoulder pain during the convertible incident on July 4, 1994. However, he maintained that his left shoulder pain began before that incident, and that he told Dr. Kazim that the incident was one of the many times he had felt sharp pain.

4

## Compensable Consequence

The commission found that claimant failed to prove a causal connection between his initial compensable injury and his subsequent left shoulder condition. In so ruling, the commission took into account claimant's failure to report left shoulder pain until June 1994, long after his initial injury. The commission inferred from claimant's testimony and the medical records that he most likely sustained the left shoulder injury in July 1994 when he reached into the backseat of his convertible.

In its role as fact finder, the commission was entitled to reject claimant's testimony concerning when his left shoulder pain began, in light of the lack of corroboration from the medical records and the physical therapy notes. "It lies within the commission's authority to determine the facts and the weight of the evidence . . . ." Rose v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990).

In addition, the commission was entitled to accept Dr. Kazim's opinion over that of Dr. Azer, where Dr. Azer's opinion was based upon an inaccurate history. Unlike Dr. Kazim, Dr. Azer was not aware of the July 1994 incident. Moreover, Dr. Azer was under the inaccurate impression that claimant suffered from left shoulder symptoms at the time of the January 4, 1993 accident, contrary to claimant's own testimony. Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little

probative value.  See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985).  The commission could reasonably infer from the evidence that claimant sustained the left shoulder injury during the July 1994 convertible incident. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Based upon this record, we cannot find as a matter of law that claimant's evidence proved that his left shoulder condition constituted a compensable consequence of his January 4, 1993 right shoulder injury.

### Injury by Accident

"In order to carry his burden of proving an 'injury by accident,' a claimant must prove the cause of his injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious and sudden mechanical or structural change in the body."  Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

The commission found that claimant's evidence failed to prove that he sustained an injury by accident to his left shoulder on January 4, 1993.  In so ruling, the commission stated as follows:

> The medical records do not corroborate the claimant's account of such an injury to his left shoulder in 1993.  As the deputy commissioner points out, the employee did not report left shoulder problems until 17 months

6

> subsequent to the compensable injury by accident to his right shoulder. Further, the testimony reflects that the employee quite likely sustained an injury by accident on July 4, 1994, while loosening the latch on his convertible.

Claimant presented no medical evidence to support a finding of a sudden mechanical or structural change in his left shoulder occurring on January 4, 1993 or during the months immediately thereafter. Moreover, he admitted that, at best, his left shoulder pain did not begin until May or June 1993, at least four months after the January 4, 1993 accident. The commission was entitled to reject Dr. Azer's March 1995 opinion because Dr. Azer was unaware of the convertible incident and because his opinion was based upon his inaccurate belief that claimant experienced left shoulder symptoms at the time of the January 4, 1993 accident.

Based upon this record, we cannot find as a matter of law that claimant met his burden of proving he sustained an injury by accident to his left shoulder on January 4, 1993.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>