COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


PAUL ALLEN MASON

v.   Record No. 2365-95-3                    MEMORANDUM OPINION[*]
                                                PER CURIAM
WYTHEVILLE GOLF CLUB, INC.                    JUNE 11, 1996
AND
VIRGINIA COMMERCE GROUP
 SELF-INSURANCE ASSOCIATION


                                        FROM THE VIRGINIA
WORKERS' COMPENSATION COMMISSION

            (Paul Allen Mason, pro se, on brief).

            (Ruth Nathanson Carter; Midkiff & Hiner, on
            brief), for appellee Wytheville Golf Club,
            Inc.

            No brief for appellee Virginia Commerce
            Group Self-Insurance Association.


     Paul Allen Mason ("claimant") contends that the Workers'

Compensation Commission erred in denying his change in condition

application on the ground that he failed to prove that his back

symptoms and psychological treatment were causally related to his

compensable February 2, 1993 injury by accident.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

────────────────────
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).
"General principles of workman's compensation law provide that
'[i]n an application for review of any award on the ground of
change in condition, the burden is on the party alleging such
change to prove his allegations by a preponderance of the
evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.
459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight
Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570,
572 (1986)). Unless we can say as a matter of law that
claimant's evidence sustained his burden of proof, the
commission's findings are binding and conclusive upon us. Tomko
v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833,
835 (1970).

On February 2, 1993, claimant sustained a lower back sprain.
In an October 3, 1994 opinion, the commission found that
claimant had been released by his treating physicians to return
to his pre-injury employment without restrictions effective March
3, 1994. This decision was not appealed. On October 24, 1994,
claimant filed a change in condition application alleging
additional disability due to his back condition and causally
related psychological treatment, which began in September 1994.

At all times after March 3, 1994, Drs. James M. Leipzig, an
orthopedist, and Murray E. Joiner, Jr., a physiatrist, could find
no objective evidence of an injury and no objective basis for
claimant's continuing subjective complaints. As early as June

1993, Dr. Joiner characterized claimant as a malingerer. By February 8, 1994, he found that claimant had reached maximum medical improvement and released him to return to his pre-injury work without restrictions. From February 1994 through July 1994, claimant sought no medical treatment for his alleged back injury. In July 1994, claimant returned to Dr. Leipzig, who could not explain claimant's symptoms and indicated that he had "no clear answer for him with regard to etiology or treatment." Dr. Leipzig referred claimant to Dr. Andrew J. Cepulo, a rehabilitation specialist.

On August 8, 1994, although Dr. Cepulo imposed certain work restrictions upon claimant, he admitted he had no explanation for claimant's assertion that his back kept "going out." Dr. Cepulo noted that there was "nothing focal going on . . . to explain such a complaint." When claimant revealed to Dr. Cepulo in a September 20, 1994 office visit that he had been physically abused as a child, and therefore, was having difficulty dealing with his pain, Dr. Cepulo referred him to Dr. Neil Dubner, a psychiatrist.

Dr. Dubner began treating claimant on September 22, 1994. Claimant gave Dr. Dubner a history of depression due to his "pain syndrome." Dr. Dubner was apparently unaware of claimant's past history of emotional trauma, drug and alcohol abuse, and incarceration. Based solely upon the history given to him by claimant, Dr. Dubner opined that claimant's emotional dysfunction

was causally related to the February 2, 1993 injury and its residuals.

On April 12, 1995, Dr. Kevin F. Hanley, an orthopedist, reviewed claimant's medical records for employer. Dr. Hanley concluded that claimant's failure to respond to the conservative management protocols directed towards him was a clear indication of malingering and embellishment. Dr. Hanley noted that the objective findings did not indicate any significant injury to the spinal axis nor did they support claimant's present complaints. He opined that claimant's continuing discomfort was fabricated and not substantiated by the medical records. Dr. Hanley saw no evidence to support any disability.

The commission denied claimant's application, finding that he failed to prove any physical change in his condition since the commission terminated his compensation on March 3, 1994. This finding is amply supported by the medical records and opinions of Drs. Leipzig, Joiner, Cepulo, and Hanley. Based upon this lack of any persuasive objective medical evidence supporting a functionally incapacitating injury, we cannot find as a matter of law that claimant sustained his burden of proving causally related disability due to his alleged continuing back symptoms.

Moreover, in its role as fact finder, the commission was entitled to determine what weight, if any, was to be given to Dr. Dubner's opinion. "It lies within the commission's authority to determine the facts and the weight of the evidence . . . ." <u>Rose</u>

4

v. Red's Hitch & Trailer Servs., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). Dr. Dubner based his opinion upon an inaccurate and incomplete psychological history. Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little probative value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985).

For these reasons, we affirm the commission's decision.

Affirmed.

5