COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

RONNIE HAWKINS

v.   Record No. 1918-96-3                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
HAR LEE COAL COMPANY                         JANUARY 7, 1997
AND
EMPLOYERS INSURANCE OF WAUSAU

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Karel Brown Ryan, on briefs), for appellant.

          (Michael F. Blair; Penn, Stuart & Eskridge,
          on brief), for appellees.


     Ronnie Hawkins contends that the Workers' Compensation

Commission erred in finding that he failed to prove that his

disability after May 4, 1994 and Dr. Daniel Robertson's treatment

beginning July 22, 1994 were causally related to his August 19,

1993 compensable injury by accident.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that Hawkins' evidence

sustained his burden of proving causation, the commission's

_____

      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

findings are binding and conclusive upon us. Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Dr. Kurtz E. Alderman treated Hawkins both before and after the August 19, 1993 work-related accident. Immediately following the August 19, 1993 accident, Dr. Alderman diagnosed Hawkins as suffering from an acute lumbar strain. Dr. Alderman opined that Hawkins could return to work in seven to ten days. Hawkins returned to his pre-injury job on August 23, 1993, and continued to work until May 3, 1994. Dr. Alderman, who was aware of Hawkins' extensive history of back injuries including the August 19, 1993 incident, prepared a May 9, 1994 disability statement. The statement referenced on-going recurrent symptoms of several years' duration and did not mention the August 19, 1993 accident.

In its role as fact finder, the commission was entitled to weigh the medical evidence, accept the opinion of Dr. Alderman, and reject the contrary opinion of Dr. Robertson. "Questions of conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Robertson based his opinion concerning causation on an inaccurate and incomplete medical history. Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little probative value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985).

Absent Dr. Robertson's opinion, no medical evidence

established that Hawkins' post-May 4, 1994 disability and medical treatment were causally related to his compensable August 19, 1993 injury by accident.  Accordingly, we cannot find as a matter of law that Hawkins' evidence sustained his burden of proof.

    For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

3