COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Overton
Argued at Richmond, Virginia


ALBEMARLE COUNTY SCHOOL BOARD, ET AL.

MEMORANDUM OPINION[*] BY
v.         Record No. 0075-97-2         JUDGE LARRY G. ELDER
JUNE 17, 1997
VIRGIE IRENE MORRIS, ETC.


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Patricia C. Karppi (McGuire, Woods, Battle &
Boothe, L.L.P., on brief), for appellants.

Michael T. Hemenway (Dygert & Hemenway, on
brief), for appellee.


Albemarle County School Board and School Systems of
Virginia, self-insured association, (appellants) appeal an order
of the Workers' Compensation Commission (commission) awarding
temporary total disability benefits, death benefits, medical
benefits, and burial expenses to the widow of Elson C. Morris,
(claimant).  Appellants contend that the evidence was
insufficient to support the commission's conclusion that
claimant's disability following the discovery of a heart ailment
in July, 1993 and eventual death due to heart failure on
November 15, 1993 were causally related to his work-related
accident on March 19, 1993.  For the reasons that follow, we
affirm.

"In order to recover on a workers' compensation claim, a
_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant must prove: (1) an injury by accident, (2) arising out of and (3) in the course of his employment."  Kane Plumbing, Inc. v. Small, 7 Va. App. 132, 135, 371 S.E.2d 828, 830 (1988) (citations omitted); see Code § 65.2-101.  An "injury by accident" requires proof of "(1) an identifiable incident; (2) that occurs at some reasonably definite time; (3) an obvious sudden mechanical or structural change in the body; and (4) a causal connection between the incident and the bodily change." Chesterfield County v. Dunn, 9 Va. App. 475, 476, 389 S.E.2d 180, 181 (1990) (citing Lane Co. v. Saunders, 229 Va. 196, 199, 326 S.E.2d 702, 703 (1985)).  Under Code § 65.2-512, "a claimant for death benefits . . . is required to prove a causal connection between the accident and the subsequent death by a preponderance of the evidence."  Lilly v. Shenandoah's Pride Dairy, 218 Va. 481, 483, 237 S.E.2d 786, 787 (1977).

> When it is established that an accident to an employee activates an undeveloped and dangerous physical condition with mortal consequences, such accident is properly considered the proximate cause of the fatality.  Causal connection is established when it is shown that the employee has received a compensable injury which materially aggravates or accelerates the pre-existing latent disease which becomes the direct cause of death.

Rogers v. Williams, 196 Va. 39, 42, 82 S.E.2d 601, 602-03 (1954).

> [W]here a claimant has suffered a heart attack which arose out of and in the course of his employment and which is determined to have been a producing or contributing factor in a second fatal heart attack, regardless of

whether the second incident itself is
compensable, death benefits are available to
the dependent distributees . . . .

Appellants concede that claimant was involved in an
identifiable incident at a reasonably definite time -- his car
accident on March 19 -- and that this accident arose out of and
occurred in the course of his employment.  In addition,
appellants do not contest the commission's finding that claimant
suffered a heart attack prior to November 15 that directly
contributed to his death from heart failure on that date.
Instead, appellants argue that credible evidence does not support
the commission's finding that claimant's heart attack occurred at
the time of his accident on March 19.

"Decisions of the commission as to questions of fact, if
supported by credible evidence, are conclusive and binding on
this Court."  Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227,
229, 409 S.E.2d 824, 826 (1991); see Code § 65.2-706(A).  On
appeal, we view the evidence in the light most favorable to the
prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10
Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  Whether or not an
injury has occurred is a question of fact.

We hold that the commission's finding that claimant suffered
a heart attack at the time of his accident on March 19 is
supported by credible evidence.  In reaching its conclusion, the
commission relied solely upon the expert medical opinion of Dr.
Bergin, who testified that claimant suffered a heart attack at

-3-

the time of his accident.  Dr. Bergin's opinion constituted credible evidence of the timing of claimant's initial heart attack.

In order to possess relevant evidential value, a doctor's expert medical opinion must not be speculative.  See Gilbert v. Summers, 240 Va. 155, 160, 393 S.E.2d 213, 215 (1990); Spruill v. Commonwealth, 221 Va. 475, 479, 271 S.E.2d 419, 421 (1980).  A doctor's expert medical opinion is not speculative if it is based on an accurate understanding of the relevant facts and if it is based on a reasonable probability and not a mere possibility. See Gilbert, 240 Va. at 160, 393 S.E.2d at 215 (stating that an expert's opinion is speculative if not based upon facts within his knowledge or established by other evidence); Clinchfield Coal Co. v. Bowman, 229 Va. 249, 252, 329 S.E.2d 15, 16 (1985) (holding that a doctor's medical opinion was not credible when based upon a faulty premise); Spruill, 221 Va. at 479, 271 S.E.2d at 421 (stating that a medical opinion is speculative if based on a "possibility" and admissible if based on a "reasonable probability").

Dr. Bergin's opinion possessed evidential value because it was based on his expert knowledge and an accurate understanding of claimant's case and because it was not based on a mere possibility.  First, Dr. Bergin's opinion was based on the facts of claimant's case.  Dr. Bergin was qualified as an expert in medicine and cardiology.  He testified that he had reviewed

claimant's medical records from the Central Virginia Community Health Center, the University of Virginia emergency room on the date of claimant's accident, Dr. Caughron, which dated back to 1990, as well as his own records of claimant's treatment. He expressly testified that his opinion that claimant suffered a heart attack on March 19 was based on both his professional knowledge and his knowledge of claimant's case. The record does not indicate that Dr. Bergin's medical opinion was based on either a faulty premise or misinformation. See Clinchfield Coal Co., 229 Va. at 252, 239 S.E.2d at 16; Sneed v. Morengo, Inc., 19 Va. App. 199, 205, 450 S.E.2d 167, 171 (1994).

In addition, Dr. Bergin's opinion was based on a reasonable probability, not a mere possibility. He testified that the occurrence of claimant's heart attack at the time of his accident on March 19 was "more than likely." He also had the following exchange with claimant's lawyer:

Q. Based on your review of his medical records and the history you obtained from Mr. Morris' family, and also from Dr. Caughron, and based on your training and experience, do you have an opinion, within a reasonable degree of medical certainty, as to whether or not he suffered a heart attack in the accident which occurred on March 19, 1993?

A. Yes, I do think he suffered a heart attack at the accident.

Because Dr. Bergin's medical opinion possessed relevant evidential value, we cannot say that the commission's factual finding based on this opinion that claimant suffered a heart

attack at the time of his accident was not supported by credible evidence.

For the foregoing reasons, we affirm the commission's award.

Affirmed.