COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


CURTIS TONY BEVERLY

v.   Record No. 0430-97-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
TOWN OF WISE                                    JULY 15, 1997
AND
VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (Paul L. Phipps; Lee & Phipps, on brief),
               for appellant.

               (James R. Hodges; White, Bundy, McElroy,
               Hodges & Sargent, on brief), for appellees.


     Curtis Tony Beverly (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that he

failed to prove he had remained totally disabled since March 7,

1996 as a result of his compensable February 24, 1994 injury by

accident.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     "General principles of workman's compensation law provide

that '[i]n an application for review of any award on the ground

of change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

-----

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Dr. James Travis Burt, the treating neurosurgeon, performed spine surgery on claimant on December 1, 1995. Dr. Burt released claimant to return to work without restrictions as of January 30, 1996. Dr. Burt confirmed that release on July 2, 1996.

Dr. Thomas E. Renfro, an internist who treated claimant, opined that as a result of both his physical and mental condition, claimant remained totally disabled since March 8, 1996.

Dr. Russell D. McKnight, who treated claimant for psychiatric problems, opined that claimant had been disabled since March 11, 1996. Dr. Steven Morgan, a psychiatrist and neurologist, and Dr. Richard Salamone, a psychologist, who examined claimant at employer's request in August 1996, opined that claimant was not disabled.

2

Based upon the opinions of Drs. Burt, Morgan, and Salamone, we cannot find as a matter of law that claimant proved he remained totally disabled since March 7, 1996 as a result of his compensable injury by accident. The commission, in its role as fact finder, was entitled to weigh the medical evidence, to accept the opinions of Drs. Burt, Morgan, and Salamone, and reject the contrary opinions of Drs. Renfro and McKnight. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). The commission's rejection of the opinions of Drs. Renfro and McKnight is supported by the fact that those physicians lacked claimant's complete and accurate medical history. Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little probative value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985).

For these reasons, we affirm the commission's decision.

Affirmed.