COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Baker and Elder


ANITA A. MILLER

                                        MEMORANDUM OPINION[*]
v.   Record No. 1571-97-4                 PER CURIAM
                                        DECEMBER 9, 1997
FAIRFAX COUNTY SCHOOL BOARD


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Stephen T. Conrad; Curran & Whittington, on
            brief), for appellant.

            (Michael N. Salveson; Hunton & Williams, on
            brief), for appellee.



     Anita A. Miller (claimant) contends that the Workers'

Compensation Commission erred in finding that she failed to prove

that her January 25, 1994 compensable injury by accident caused a

material aggravation of her lower back condition resulting in

disability from January 25, 1994 through September 13, 1996.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

sustained her burden of proof, the commission's findings are

binding and conclusive upon us.  See Tomko v. Michael's

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> After careful Review of the entire medical record, we find that Dr. [H. Edward] Lane's opinion is based on a significantly incomplete history and inaccurate information regarding the severity of the claimant's complaints prior to the January, 1994, accident.  We therefore do not afford significant weight to his opinion.  Moreover, Dr. Lane defers to Dr. [Robert M.] Gorsen, who relates the claimant's back condition solely to the November, 1992, motor vehicle accident.  We conclude that the greater weight of the evidence establishes an ongoing back condition which was not materially aggravated by the January 25, 1994, slip and fall.

In its role as fact finder, the commission was entitled to weigh the medical evidence, accept the opinion of Dr. Gorsen, and reject the contrary opinion of Dr. Lane.  "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).  Dr. Lane based his opinion concerning causation upon an inaccurate and incomplete medical history.  Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little probative value.  See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985).

Absent Dr. Lane's opinion, no medical evidence established that claimant's January 25, 1994 compensable slip and fall caused a material aggravation of her pre-existing back condition

2

resulting in disability from January 25, 1994 through September 13, 1996.  Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>