COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


NORA HAMEL
                                        MEMORANDUM OPINION[*]
v.   Record No. 0832-98-1                    PER CURIAM
                                        NOVEMBER 10, 1998
BEACHSIDE L C AND TWIN CITY
 FIRE INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Nora Hamel, pro se, on brief).

            (F. Nash Bilisoly; Kelly O. Stokes;
            Vandeventer Black, on brief), for appellees.


     Nora Hamel ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that she

failed to prove that (1) she was totally disabled beginning June

20, 1996 as a result of her compensable July 7, 1995 injury by

accident; and (2) she marketed her residual work capacity.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  See Rule 5A:27.

     On July 7, 1995, claimant sustained a compensable abdominal

injury arising out of and in the course of her employment as a

hostess for Beachside L C ("employer").  Employer accepted the

injury as compensable.  Pursuant to the parties' Memorandum of

Agreement, the commission entered an award on November 15, 1995,

providing for temporary total disability benefits beginning

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

August 6, 1995.  On August 8, 1996, employer filed an application seeking termination and/or suspension of that award on the ground that claimant returned to work on May 13, 1996.

Before the hearing on employer's August 8, 1996 application, the parties stipulated that claimant returned to work with Charles Barker Toyota on May 10, 1996 and worked full-time as a salesperson through June 19, 1996, without informing employer. Based upon that stipulation, the commission terminated claimant's compensation benefits as of May 12, 1996, the last date employer paid compensation to claimant.  The commission then properly placed the burden on claimant to prove her claim that she again became totally disabled from work beginning June 20, 1996, as a result of her compensable injury.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Dr. Nelson M. Karp, who treated claimant following her July 7, 1995 compensable abdominal injury, referred claimant to Dr. Roy Oswaks, a general surgeon, on April 29, 1996.  On May 2 and 3, 1996, Dr. Oswaks examined claimant.  Dr. Oswaks evaluated claimant's abdominal pain via pelvic and inguinal ultrasounds,

but could not find any evidence of pathology in that area. Dr. Oswaks referred claimant to Dr. Douglas Schreiber, an orthopedist. Dr. Oswaks opined that claimant should not work until a diagnosis was made.

On May 6, 1996, Dr. Schreiber examined claimant, but could find nothing wrong with her. Dr. Schreiber diagnosed persistent left groin pain of undetermined etiology. A subsequent lumbar spine MRI and a whole body bone scan were both within normal limits.

On May 29, 1996, Dr. Oswaks examined claimant, whose symptoms remained unchanged from his previous examinations.

On June 7, 1996, claimant fell down a flight of stairs and sought emergency room treatment at the Virginia Beach General Hospital, complaining of neck and back pain. The clinical examination revealed that her abdomen was "nontender." Claimant was diagnosed with acute musculoskeletal pain, status post fall.

On June 18, 1996, Dr. John Everett examined claimant. Claimant reported a history of a miscarriage and abdominal symptoms. Dr. Everett also noted that claimant had suffered from low back pain and lower abdominal pain since the June 7, 1996 slip and fall. Dr. Everett diagnosed low back pain/left lower quadrant pain related to the June 7, 1996 slip and fall.

On June 22, 1996, claimant returned to the Virginia Beach General Hospital emergency room. At that time, she reported a history of abdominal pain and possible pregnancy. She also

reported a miscarriage that had occurred several months before and complained of left groin pain occasionally radiating into her left abdomen which "[a]ctually started the other day, has been worse when she sits." Claimant reported the June 7, 1996 slip and fall to hospital personnel, but she did not report the July 7, 1995 injury.

On July 25, 1996, claimant returned to Dr. Schreiber, complaining of severe pain in her left groin area. Dr. Schreiber could find no objective cause for claimant's symptoms related to her skeleton or joints. Thus, he did not place her on any restrictions from work or other activities.

On August 29, 1996, claimant returned to Dr. Oswaks, with continuing complaints of left groin pain. Dr. Oswaks opined that he felt some weakness, "but no definite hernia." Dr. Oswaks referred claimant to Dr. Tracy Wright, a gynecologist, for an evaluation in order to rule out any possible gynecological problem. Dr. Wright's examination did not reveal any gynecological cause for claimant's symptoms.

Claimant did not return to Dr. Oswaks until April 3, 1997. At that time, claimant again complained of pain in the left femoral canal. Dr. Oswaks opined that claimant remained disabled. When Dr. Oswaks examined claimant again on April 7, 1997, her pain was not as severe. Dr. Oswaks suspected that claimant might have a left femoral hernia, but he refused to commit to that opinion. Dr. Oswaks opined that claimant was

disabled by her pain and might require surgery. On April 8, 1997, Dr. Oswaks opined that claimant was disabled as a direct result of her 1995 accident. Dr. Oswaks recommended surgical exploration to define the hernia and repair it.

In his April 24, 1997 deposition, Dr. Oswaks testified that the physicians who had examined claimant could not find any gynecological or orthopedic cause for claimant's symptoms. Dr. Oswaks opined that as of May 3, 1996, "from a mechanical standpoint," claimant could return to work, although her level of pain may have prevented her from doing so. Dr. Oswaks was "unclear" as to whether claimant returned to work in May 1996. He also did not know whether claimant worked during June 1996. In April 1997, claimant told Dr. Oswaks that she had performed some work, but he was unaware of the exact dates. Claimant also told Dr. Oswaks about the June 7, 1996 fall and emergency room treatment. Dr. Oswaks stated that claimant told him the June 7, 1996 injury had something to do with her knee or extremity. Dr. Oswaks denied that claimant told him she had exacerbated her abdominal injury as a result of the June 1996 fall. Dr. Oswaks never reviewed the Virginia Beach General Hospital records or Dr. Everett's records related to the June 7, 1996 slip and fall.

Based upon this record, the commission concluded that "the medical evidence fails to establish that the claimant suffers a disability causally related to the 1995 incident beginning June 20, 1996." The commission rejected Dr. Oswaks's opinion.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  As fact finder, the commission was entitled to weigh the medical evidence and to reject Dr. Oswaks's opinion, because the record established that his opinion was based upon an inaccurate and incomplete medical history.  See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985).  Absent Dr. Oswaks's opinion, no evidence proved that claimant's alleged disability beginning June 20, 1996 was causally related to her compensable July 7, 1995 injury by accident.  Accordingly, we cannot find as a matter of law that claimant's evidence sustained her burden of proof.

Because our holding on the causation issue is dispositive of this appeal, we need not address the marketing issue.

For these reasons, we affirm the commission's decision.

Affirmed.