COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Agee and Senior Judge Coleman


GAIL V. SORRELL

                                        MEMORANDUM OPINION*

v.     Record No. 2055-02-2                    PER CURIAM
                                         NOVEMBER 19, 2002

CHESAPEAKE BAY AGENCY ON AGING, INC. AND
 CINCINNATI INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Gail V. Sorrell, pro se, on brief).

(Calvin W. Fowler, Jr.; Williams Mullen, on
brief), for appellees.


Gail V. Sorrell (claimant) contends the Workers'

Compensation Commission erred in finding that she failed to

prove a causal connection between her July 6, 2000 compensable

injury by accident and her disability from January 29, 2001 to

May 30, 2001. Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

On appeal, we view the evidence in the light most favorable

to the prevailing party below. R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Unless we can say as a matter of law that claimant's evidence

---

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

sustained her burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

On July 6, 2000, claimant sustained a compensable injury by accident when she was involved in a motor vehicle accident while in the course of her employment. On that day, in the hospital emergency room, claimant complained of right arm and shoulder pain, as well as right thigh and iliac crest pain.

On July 11, 2000, claimant received follow-up treatment from her family physician, Dr. Lisa Jenkins. Dr. Jenkins noted that claimant sustained lower back pain and an arm contusion. On July 21, 2000, claimant told Dr. Jenkins that other than some stiffness in her arms at times, she had no complaints.

On November 6, 2000, claimant returned to Dr. Jenkins, reporting that her right "arm never completely felt better." Claimant indicated that her right forearm pain had worsened over the previous three weeks. Dr. Jenkins noted that claimant believed that her job of delivering meals, which required that she lift the meals, had caused her right arm pain to return.

On November 21, 2000, Dr. Jenkins prescribed MRI studies of claimant's cervical spine and right upper extremity. Those studies showed small disc protrusions at the C4-5, C5-6, and C6-7 levels, without significant cord deformity or compression. The neck MRI was normal.

On January 31, 2001, Dr. Jenkins examined claimant for "follow-up of right arm pain from 11/21/00." Dr. Jenkins reported that "[s]ince 1/26/01, pt. has had low back pain radiating down her left hip. She drove a van at work which 'had a low seat that caused [her] back pain on 1/26/01.'" Dr. Jenkins excused claimant from work, and prescribed a whole body bone scan and a lumbar spine MRI. After those studies were performed, Dr. Jenkins referred claimant for an orthopedic evaluation.

On March 15, 2001, Dr. Paul DiMartino, a spine surgeon, evaluated claimant for "the complaint of spinal column pain." Dr. DiMartino noted that claimant related the onset of her symptoms to the July 2000 motor vehicle accident. Dr. DiMartino noted that claimant returned to work two weeks after the July 2000 accident and worked until January 26, 2001, when the pain became unbearable. Dr. DiMartino examined claimant and reviewed the imaging studies. He concluded that "[n]o specific pathology is noted."

On April 5, 2001, Dr. DiMartino examined claimant for her "complaint of spinal column discomfort." He continued her physical therapy and reported that she could not return to work.

On May 24, 2001, Dr. DiMartino reported that claimant's symptoms had "relatively improved" when compared to previous examinations. Dr. DiMartino released claimant to return to work as of May 30, 2001.

On July 5, 2001, in response to a letter from claimant's counsel, Dr. DiMartino indicated that he was not aware of any injury for which he was treating claimant, other than the July 6, 2000 accident.

The medical records revealed that claimant was treated for a whiplash-type neck injury on October 21, 1991, after a motor vehicle accident. She also complained of low back and left knee pain at that time. On April 5, 1994, claimant was treated following another motor vehicle accident a day earlier. At that time, claimant complained of pains radiating from her shoulder to her hip. The emergency room physicians diagnosed acute cervical, thoracic, and lumbar muscle problems. On March 26, 2000, claimant was treated in a hospital emergency room for complaints of back and shoulder pain. On March 30, 2000, Dr. Jenkins reported that this scapular back pain had resolved.

In her hearing testimony, claimant admitted that she may have been involved in one or two motor vehicle accidents before the July 6, 2000 accident. She admitted that these accidents may have involved lower back, neck, and shoulder injuries. She also admitted she sustained a muscle sprain to her back while working for another employer in March 2000. She claimed that the sprain had resolved by July 2000.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."

- 4 -

Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission weighed the medical evidence, and rejected the opinions of Drs. DiMartino and Jenkins. In so ruling, the commission noted that Dr. DiMartino was not fully informed of claimant's history of similar past injuries. The record supports that finding. Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little probative value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985). Furthermore, in rejecting Dr. Jenkins' opinions, the commission noted that no evidence showed that claimant had continuing and symptomatic problems since the July 6, 2000 accident, except for her hearing testimony. The commission correctly noted that when claimant presented to Dr. Jenkins with right forearm problems on November 6, 2000, she attributed her symptoms to repeated lifting at work, and when she presented on January 31, 2001, she attributed her most recent back symptoms to a low seat in her vehicle some five days earlier. She did not attribute either of these problems to the compensable July 6, 2000 motor vehicle accident.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proving that her disability from January 29, 2001 through May 30, 2001 was

causally connected to the July 6, 2000 compensable injury by accident.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>