COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


CHRISTOPHER B. HARRISON

MEMORANDUM OPINION*

v.    Record No. 1826-02-4                  PER CURIAM
                                          NOVEMBER 19, 2002

L'AUBERGE CHEZ FRANCOIS AND
 FIREMAN'S FUND INSURANCE
 COMPANY OF WISCONSIN


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Christopher B. Harrison, pro se, on brief).

(Forest A. Nester; Brizendine & Nilsson, on
brief), for appellees.


Christopher B. Harrison contends the Workers' Compensation

Commission erred in denying his application for a change in

condition. Upon reviewing the record and the parties' briefs,

we conclude that this appeal is without merit. Accordingly, we

summarily affirm the commission's decision. Rule 5A:27.

"General principles of workman's compensation law provide

that 'in an application for review of any award on the ground of

change in condition, the burden is on the party alleging such

change to prove his allegations by a preponderance of the

evidence.'" Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App.

459, 464, 359 S.E.2d 98, 101 (1987) (quoting Pilot Freight

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Carriers, Inc. v. Reeves, 1 Va. App. 435, 438-39, 339 S.E.2d 570, 572 (1986)).  On appeal, we view the evidence in the light most favorable to the prevailing party below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In denying Harrison's change-in-condition application, the commission made the following findings:

> [T]here is no evidence that Dr. [Charles] Park was fully aware of the nature and extent of treatment that was provided to [Harrison] in 1994.  While Dr. Park was presumably aware that surgery had been previously performed at L4-5, because it was revealed on the MRI study of June 17, 2001, that physician could not know that the myelogram studies in 1994 also showed a herniation defect at L3-4, since these records were not produced in these proceedings until late November 2001. Therefore, Dr. Park had incomplete information, and we accord his opinion on causation little weight.
>
> Dr. [Louis E.] Levitt initially deemed the 2001 surgery to be directly related to [Harrison's] work accident on May 10, 2000. Even after receiving medical records that showed an intervening accident and back treatment over a period of approximately 5 months, Dr. Levitt still considered that the work accident played some role in the need for surgery in June 2001, although it was not the exclusive cause.  However, after receiving Dr. [Bernard] Stopak's records, which showed back symptomatology since 1969, and disc herniations at both the L3-4 and L4-5 levels, but uncorrected at L3-4, Dr. Levitt reasonably concluded that the work trauma was only a temporary exacerbation of [Harrison's] pre-existing back problems, and that the surgery performed in 2001 was attributable to

- 2 -

> Harrison's pre-existing problems, with
> little, if any, causal relationship to the
> work accident on May 10, 2000.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). As fact finder, the commission was entitled to weigh the medical evidence, accept Dr. Levitt's opinion, and reject Dr. Park's contrary opinion. "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989). Dr. Park's opinion concerning causation was based upon an inaccurate and incomplete medical history. Where a medical opinion is based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that the opinion is of little probative value. See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985).

We note that Harrison attached to his brief several medical reports and letters, which are not contained in the commission's record. Dr. Stopak's July 24, 2002 letter and Dr. Park's July 18, 2002 letter were written after the commission rendered its decision on review on June 21, 2002. Harrison did not request that the commission consider those letters as after-discovered evidence. Moreover, because the letters could have been obtained prior to the hearing through the exercise of reasonable

diligence, they do not qualify as after-discovered evidence. Thus, in rendering our decision, we do not consider any evidence that was not properly before the commission when it rendered its decision.

The commission's findings, based upon Dr. Levitt's opinion, are binding and conclusive upon us. Thus, we cannot say as a matter of law that Harrison's evidence proved that his disability beginning June 16, 2001 and his June 29, 2001 surgery were causally related to his compensable May 10, 2000 injury by accident. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

For these reasons, we affirm the commission's decision.

Affirmed.