COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


GEORGE MONTGOMERY COOK

MEMORANDUM OPINION[*] BY
v.   Record No. 2357-99-3          JUDGE SAM W. COLEMAN III
                                        APRIL 25, 2000
ISLAND CREEK COAL COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

P. Heith Reynolds (Wolfe & Farmer, on brief),
for appellant.

Michael F. Blair (Rebecca E. Wallace; Penn,
Stuart & Eskridge, on brief), for appellee.


George M. Cook appeals the Workers' Compensation Commission's decision denying his application for temporary total disability benefits. Cook argues that the commission erred in finding that his disability was not causally related to his October 20, 1996 injury by accident. We disagree and affirm the commission's decision.

BACKGROUND

On appeal, we view the evidence in the light most favorable to Island Creek Coal Company, the prevailing party. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the evidence proved that Cook was

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

employed by Island Creek Coal Company as an underground section foreman. As part of his job duties, Cook would routinely walk through the mines, which ranged in height from four and one-half feet to six feet. On October 20, 1996, while Cook was walking through an unfamiliar portion of the mine, he "misjudged" the height of the roof line and hit his head on the roof. Cook testified that the blow knocked him down and that he experienced pain in his neck. He immediately reported the incident to his supervisor.

Cook was treated on October 24, 1996 by Dr. Clinton H. Sutherland, an internist. Cook reported left hand numbness and neck pain. In Dr. Sutherland's office note dated October 24, 1996, he reported that Cook complained of experiencing similar problems since an injury in 1992. Dr. Sutherland also noted that Cook hit his head in a similar work-related injury in July 1996 and that he was treated by an emergency room physician four to five weeks prior to the October 20, 1996 incident. In an office note dated November 6, 1996, Dr. Sutherland reported that Cook stated that "he rammed his head onto the roof, which he states he has done on several occasions (including his report of having done it in July of this year)."

In November 1996, Cook was referred to Dr. Matthew Wood, Jr., a neurosurgeon. On November 27, 1996, Dr. Wood reported that Cook complained of severe neck, left arm, and hand pain.

Cook reported having this pain shortly after his October 20, 1996 accident. Dr. Wood also noted that Cook "denie[d] any history of neck injury or spinal problems." In November 1996, Cook underwent a cervical diskectomy to remove a large multi-fragmented cervical disk at the C6-7 level. On February 12, 1997, Dr. Wood opined that "[b]ased on the patient's consistent history, I must suspect that this injury is related to his work." Dr. Wood also noted that Cook expressed concern that although "he injured his neck at work; he was allegedly talked into not putting it on compensation; and now he feels he should have." On March 12, 1997, Dr. Wood stated that Cook "is still contesting of his compensation claim. Again, based upon his history, it appears that he was injured at work; and we reviewed the history of his injury again in the office today." Dr. Wood stated that Cook may return to work "whenever he feels up to it." Cook returned to work on April 2, 1997.

Cook initially began treatment with Dr. Sutherland on March 20, 1996, at which time he reported that he had lower back pain, arm and shoulder pain, numbness and "tingling" in his fingers, and pain in his hands when gripping. In May 1996, Cook again complained of lower back pain emanating from a work-related back injury in 1992. The treating physician opined that Cook suffers from chronic right lumbar radicular syndrome.

At the hearing, Cook admitted that he was seen by an emergency room physician on September 8, 1996 for neck and left arm pain. The emergency room records reflect Cook stated that he hit his head two weeks prior to September 8, 1996 and that he continues to experience neck and shoulder pain. At the hearing, Cook denied having previous problems with his neck or receiving treatment for neck pain "in that location prior to the incident." He admitted, however, that he has had "sprains and strains" in that area.

Cook filed an application seeking temporary total disability benefits from October 21, 1996 through April 1, 1997. The commission denied the application, finding that Cook suffered a compensable injury by accident when he hit his head but that he failed to prove the disability to his neck was causally related to the accident.

ANALYSIS

"The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App.

890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted). On appellate review, it is not sufficient for a claimant to prevail by merely demonstrating that the fact finder could have found that the disability was causally related to the accident. Unless we can say that Cook's evidence proved or established causation as a matter of law, the commission's factual findings, including causation, are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In disregarding Dr. Wood's opinion on causation, the commission found that Dr. Wood's records indicate that he was unaware of Cook's prior history of neck and shoulder complaints. The commission stated that:

> [t]he histories of the prior accidents and medical treatment are indispensable to a considered opinion on the relationship between Dr. Wood's treatment and the October 1996 accident. Since Dr. Wood did not have important information which could clearly influence his opinion, his opinion on causation does not have a reliable foundation.

The commission also found Dr. Sutherland's opinion regarding causation unpersuasive because Dr. Sutherland "basically adopted Dr. Wood's opinion and has not explained the inconsistencies in his own record." Additionally, the commission found that Cook's testimony was inconsistent with the medical records.

- 5 -

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991). Here, the commission, after weighing the medical evidence, rejected the opinions of Drs. Wood and Sutherland. The record established that Dr. Wood was not aware of Cook's prior complaints of neck and shoulder pain and resultant medical treatment which occurred during the weeks prior to the October 20, 1996 injury by accident. In addition, Dr. Wood was not aware of Cook's July 1996 accident, where he hit his head and complained of neck pain that did not resolve. Contrary to Cook's suggestion, the record does not show that Dr. Wood reviewed or had access to Dr. Sutherland's records.

Moreover, Dr. Sutherland's February 17, 1997 office note, in which he opines that the October 20, 1996 accident, rather than the September 9, 1996 accident, "seems" to be the cause of the cervical disk rupture, was equivocal. In that note he merely agreed with Dr. Wood's unfounded and unexplained opinion regarding causation. Dr. Sutherland did not explain the significance of his October 24, 1996 office note in which he referenced Cook's July 1996 accident that resulted in neck pain that did not resolve before the October 20, 1996 accident. Additionally, Dr. Sutherland did not explain the significance of Cook's visit to the emergency room just weeks before October 20, 1996, where he

presented with similar symptoms.  Where medical opinions are based upon an incomplete or inaccurate medical history, the commission is entitled to conclude that those opinions are of little probative value.  See Clinchfield Coal Co. v. Bowman, 229 Va. 249, 251-52, 329 S.E.2d 15, 16 (1985); see also Sneed v. Morengo, Inc., 19 Va. App. 199, 205, 450 S.E.2d 167, 171 (1994) ("Whenever a physician's diagnosis flows from an assumption that rests upon a faulty premise, such as misinformation provided by a claimant, the commission may refuse, and often will be required to refuse, to attribute any weight to that opinion.").

Accordingly, we cannot find that the claimant's evidence proved that the disability to his neck was causally related as a matter of law to the October 20, 1996 accident in which he struck his head on the roof of the mine.  We affirm the commission's decision.

Affirmed.